## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| Diana Corea, Sindy Pineda, Isaac Runciman, Amparo Chauca, Laos Cardoso, and Juana Cruz | : : : : : |
| Individually, and on behalf of all others similarly situated as Class Representatives, | : : : |
| Plaintiffs, | : : |
| v. | : : |
| Café Spice {GCT}, Inc. a/k/a Café Spice Inc. a/k/a a/k/a Café Spice Global Cuisine a/k/a Zaika Flavors of India; Sushil Malhotra; Sameer Malhotra; Payal Malhotra; and Virgilio Felix | : : : : : |
| Defendants. | : : : |

Case No.: 7:18-cv-10354

CLASS AND COLLECTIVE ACTION

JURY TRIAL REQUESTED

---

## COMPLAINT

## I.      PRELIMINARY STATEMENT

1. This is a Collective and Class Action on behalf of the more than two hundred individuals who currently work and/or previously worked in Defendants' large-scale food preparation, packaging, and distribution plant and were not paid their lawfully owed wages.

2. Plaintiffs Diana Corea, Sindy Pineda, Isaac Runciman, Amparo Chauca, Laos Cardoso, and Juana Cruz (collectively "Plaintiffs") were employed as manual laborers by Defendants for varying lengths of time over the past decade, during which time, Defendants drastically increased their volume of production and, simultaneously, cut employee break times, demanded longer hours of labor, ignored dangerous work conditions and systematically violated minimum wage and overtime protections.

3.     Plaintiffs frequently worked more than forty (40) hours in a work week but were often not timely paid for all hours worked and/or not paid a premium rate for certain overtime hours, sometimes receiving "retroactive" payments in subsequent pay periods at only their regular rate of pay.

4.     Plaintiffs were regularly required to work prior to "punching in" and were paid nothing whatsoever for this "off the clock" labor.

5.     Defendants unlawfully and repeatedly deducted monies, often totaling hundreds of dollars annually, from Plaintiffs' wages for work shoes which Plaintiffs were required to purchase through Defendants.

6.     Defendants intentionally misclassified certain low-level employees including Plaintiffs Isaac Runciman and Laos Cardoso as "managers" when, in reality, they were not acting as managers, all in an effort to evade the minimum wage and overtime provisions of the Fair Labor Standards Act while simultaneously requiring them to work hours substantially in excess of forty (40) hours in a work week and always paying them the same fixed amount of compensation per week.

7.     The Plaintiffs, on behalf of themselves and all others similarly situated, and as class representatives, bring this action against Defendants Café Spice {GCT} Inc. a/k/a Café Spice, Inc. a/k/a Café Spice Global Cuisine a/k/a Zaika Flavors of India; Sushil Malhotra, Sameer Malhotra, Payal Malhotra, and Virgilio Felix (collectively "Defendants"), for Defendants' failure to lawfully pay Plaintiffs' wages for their work.

8.     Plaintiffs allege violations of the minimum wage, overtime and timely payment provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the minimum wage, overtime, timely payment, unlawful deductions and hiring and wage

notice provisions of New York Labor Law Article 19 §650, *et seq.* ("NYLL").  Plaintiffs

seek their earned but unpaid wages, liquidated damages pursuant to the FLSA, liquidated

and statutory damages pursuant to the NYLL, and reasonable attorneys' fees, costs, and

interest, as well as declaratory relief.

9.    Plaintiffs seek to equitably toll the statute of limitations.

10.   Plaintiffs bring their FLSA claims individually and on behalf of other similarly situated

current and former employees of Defendants under the collective action provisions of the

FLSA, 29 U.S.C. § 216(b).

11.   Plaintiffs bring their NYLL claims individually and on behalf of a class of persons pursuant

to Rule 23(a), 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure.

## II.    JURISDICTION AND VENUE

12.   This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 216

and 28 U.S.C. §§ 1331 and 1337.  As this action arises under Acts of Congress regulating

commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28

U.S.C. §§ 2201 and 2202.

13.   With respect to the state law claims, this Court has supplemental jurisdiction pursuant to

28 U.S.C. § 1367 in that the state law claims derive from a common nucleus of operative

fact and are so related to the federal claims that they form part of the same case or

controversy under Article III of the United States Constitution.

14.   Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b),

because the events giving rise to this claim occurred primarily within this judicial district.

## III.    THE PARTIES

15.   Plaintiff Diana Corea is an adult individual and resident of the State of New York, Orange

County.  Her written consent to be a party in this action is attached hereto as Exhibit A.

16.     Plaintiff Sindy Pineda is an adult individual and resident of the State of New York, Orange County.  Her written consent to be a party in this action is attached hereto as Exhibit B.

17.     Plaintiff Isaac Runciman is an adult individual and resident of the State of New York, Orange County.  His written consent to be a party in this action is attached hereto as Exhibit C.

18.     Plaintiff Amparo Chauca is an adult individual and resident of the State of New York, Orange County.  Her written consent to be a party in this action is attached hereto as Exhibit D.

19.     Plaintiff Laos Cardoso is an adult individual and resident of the State of New York, Orange County.  His written consent to be a party in this action is attached hereto as Exhibit E.

20.     Plaintiff Juana Cruz is an adult individual and resident of the State of New York, Orange County.  Her written consent to be a party in this action is attached hereto as Exhibit F.

21.     At all times relevant to this Complaint, Plaintiffs were employees of Defendants as that term is defined by

   a.   the FLSA, 29 U.S.C. § 203(e) (1), and by

   b.   the NYLL § 190.

22.     At all times relevant to this Complaint, Plaintiffs were employees engaged in commerce or the production of goods for commerce, and/or were employees in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203 *et seq*.

23.     Upon information and belief, Defendant Café Spice {GCT}, Inc. a/k/a Café Spice, Inc. a/k/a Café Spice Global Cuisine a/k/a Zaika Flavors of India (hereinafter "Café Spice") is

4

a domestic corporation doing business in the State of New York. Café Spice maintains a production and packaging plant located at 677 Little Britain Road, New Windsor, NY 12553 and corporate headquarters at 10 Half Moon Lane, Irvington, NY 10533.

24.    Upon information and belief, Defendant Sushil Malhotra is a co-owner and the chief executive officer of Café Spice.

25.    Upon information and belief, Defendant Sushil Malhotra is a resident of the State of New York.

26.    At all times relevant to the Complaint, Defendant Sushil Malhotra had the power, and did in fact exercise such power, to hire and fire Café Spice employees, set employees' wages and work schedules, retain time and/or wage records, and otherwise control the terms and conditions of employment of all Café Spice employees including Plaintiffs.

27.    At all times relevant to the Complaint, Defendant Sushil Malhotra had the power to stop any illegal pay practices at Café Spice.

28.    Upon information and belief, Defendant Sameer Malhotra is a co-owner and the president of Café Spice.

29.    Upon information and belief, Defendant Sameer Malhotra is a resident of the State of New York.

30.    At all times relevant to the Complaint, Defendant Sameer Malhotra had the power, and did in fact exercise such power, to hire and fire Café Spice employees, set employees' wages and work schedules, retain time and/or wage records, and otherwise control the terms and conditions of employment of all Café Spice employees including Plaintiffs.

31.    At all times relevant to the Complaint, Defendant Sameer Malhotra had the power to stop any illegal pay practices at Café Spice.

32.     Upon information and belief, Defendant Payal Malhotra is an officer of Café Spice.

33.     Upon information and belief, Defendant Payal Malhotra is a resident of the State of New York.

34.     At all times relevant to the Complaint, Defendant Payal Malhotra had the power, and did in fact exercise such power, to hire and fire Café Spice employees, set employees' wages and work schedules, retain time and/or wage records, and otherwise control the terms and conditions of employment of all Café Spice employees including Plaintiffs.

35.     At all times relevant to the Complaint, Defendant Payal Malhotra had the power to stop any illegal pay practices at Café Spice.

36.     Upon information and belief, Defendant Virgilio Felix is the vice president of Café Spice and general manager of Defendants' production and packaging plant located in New Windsor, NY.

37.     Upon information and belief, Defendant Felix is a resident of the State of New York.

38.     At all times relevant to the Complaint, Defendant Felix had the power, and did in fact exercise such power, to hire and fire Café Spice employees, set employees' wages and work schedules, retain time and/or wage records, and otherwise control the terms and conditions of employment of all Café Spice employees including Plaintiffs.

39.     At all times relevant to the Complaint, Defendant Felix had the power to stop any illegal pay practices at Café Spice.

40.     At all times relevant to the Complaint, Defendant Felix actively managed, supervised, and directed the business affairs and operation of the Café Spice, and acted directly and indirectly in relation to the employees.

41.     At all times relevant to the Complaint, Defendant Café Spice was an employer of each of

the Plaintiffs as that term is defined by

   a.  the FLSA, 29 U.S.C. § 203(d) and by

   b.  NYLL § 190.

42.   At all times relevant to the Complaint, Defendant Sushil Malhotra was an employer of each of the Plaintiffs as that term is defined by

   a.  the FLSA, 29 U.S.C. § 203(d) and by

   b.  NYLL § 190.

43.   At all times relevant to the Complaint, Defendant Sameer Malhotra was an employer of each of the Plaintiffs as that term is defined by

   a.  the FLSA, 29 U.S.C. § 203(d) and by

   b.  NYLL § 190.

44.   At all times relevant to the Complaint, Defendant Payal Malhotra was an employer of each of the Plaintiffs as that term is defined by

   a.  the FLSA, 29 U.S.C. § 203(d) and by

   b.  NYLL § 190.

45.   At all times relevant to the Complaint, Defendant Felix was an employer of each of the Plaintiffs as that term is defined by

   a.  the FLSA, 29 U.S.C. § 203(d) and by

   b.  NYLL § 190.

46.   Upon information and belief, Defendants grossed more than $500,000 per year in revenue for the past five (5) calendar years and individually and collectively are an enterprise engaged in commerce.

47.   At all times relevant to the Complaint, Defendants functioned as a single integrated

enterprise engaged in related activities for a common business purpose under common ownership and management.

## IV.    STATEMENT OF FACTS

48.    Defendants own and operate a prepared food company which produces and distributes pre-packaged South Asian food nationwide to major retail outlets.

49.    Defendants own a fifty thousand (50,000) square foot production plant in New Windsor, NY where they currently have more than two hundred full-time employees.

50.    Upon information and belief, Defendants' business collects more than twenty-five million ($25,000,000) U.S. dollars in gross revenue annually.

51.    Since 2008, Defendants have employed hundreds of workers, including Plaintiffs, to perform strenuous physical labor in their production and packaging plant.  The range of tasks performed by Plaintiffs and their co-workers included but were not limited to washing, cutting, seasoning, and cooking food, packaging hot and cold food, and cleaning and maintaining the physical plant.

52.    Plaintiffs routinely worked in excess of forty (40) hours per week, i.e. "overtime hours", and more than ten (10) hours in a day.

53.    Plaintiffs were paid weekly by checks to which were attached "pay stubs" purporting to indicate the total number of hours worked in the pay period.

54.    On multiple occasions when Plaintiffs worked more than forty (40) hours in a week, Defendants failed to pay Plaintiffs for each hour worked.  Instead, Defendants delayed payment of Plaintiffs' wages for some of their overtime hours until a subsequent pay period, more than seven (7) days after the work was performed, in which they labeled said wages as "retroactive" pay and failed to pay a premium rate for such hours or liquidated damages

for the delay in payment, as required by law.

55.   Upon information and belief, on certain of these occasions when Defendants delayed payment of Plaintiffs' wages, Plaintiffs were not paid at least the then applicable federal and state minimum wages for each hour worked in the workweek.

56.   On all occasions when Plaintiffs worked more than ten (10) hours in a single day, Defendants failed to pay Plaintiffs for an additional hour of work as required by law.

57.   On average, Plaintiffs worked more than ten (10) hours in a single day at least once weekly.

58.   Defendants failed to pay Plaintiffs anything whatsoever for certain hours worked.

59.   Plaintiffs were routinely required to be present and ready to work at 7 am.  However, Defendants' food preparation and packaging operation was subject to daily inspection by the United States Department of Agriculture (U.S.D.A.) whose approval was required prior to the commencement of production.

60.   U.S.D.A. regularly prohibited commencement of production at 7 am because it found conditions that required remediation.

61.   On these occasions, Defendants required certain of Plaintiffs and their co-workers to perform cleaning tasks within the plant to satisfy U.S.D.A.

62.   Defendants required all other Plaintiffs and their co-workers to stand by, ready to begin production, and prohibited them from leaving the premises, until U.S.D.A. approved commencement of production.

63.   Defendants prohibited Plaintiffs and their co-workers from "punching in" to record this time and paid Plaintiffs and their co-workers nothing whatsoever for the performance of these cleaning tasks and complying with Defendants' orders to stand by ready for production.

64.   On average, Defendants required Plaintiffs to perform this "off the clock" work 2-3 times per week and each instance lasted on average 15-30 minutes.

65.   Defendants required Plaintiffs, as a condition of their employment, to purchase work shoes for use in Defendants' production and packaging plant.

66.   Plaintiffs were instructed by Defendants to place their orders for said work shoes with Defendants' administrative staff.

67.   Plaintiffs were charged between $60-$100 for each pair of work shoes and such charges were deducted from Plaintiffs' wages.

68.   Due to excessive floor water and extreme temperatures in Defendants' plant, these work shoes quickly deteriorated and Plaintiffs were required to make multiple purchases of work shoes per year, often losing hundreds of dollars in wages annually.

69.   Upon information and belief, on occasions when Plaintiffs' wages were reduced because of Defendants' deductions, Defendants' failure to compensate Plaintiffs for "off the clock" labor and/or Defendants' delayed payment of Plaintiffs' wages, Plaintiffs were not paid at least the then applicable federal and state minimum wages.

70.   Plaintiff Diana Corea was employed by Defendants from approximately January 18, 2009 to approximately July 2016 and then again from approximately December 2016 to approximately January 2018.  Plaintiff Diana Corea worked in the food preparation area of Defendants' plant, making samosas and other items.  Plaintiff Corea was hired at an hourly rate of $8 per hour which was increased incrementally to $13 per hour during the course of her employment.  Plaintiff Corea typically worked at least six (6) days per week.  She worked at least one eight-hour shift on each workday.  On average, she worked double shifts (two successive eight-hour shifts in a single day) five (5) times per week.  She was

also often called into work on short notice to work additional hours.  On average, she was required to work "off the clock" for at least 15-30 minutes, as described above, two to three times per week.

71.   Plaintiff Sindy Pineda was employed by Defendants from approximately April 2009 to approximately September 2013.  Plaintiff Sindy Pineda worked in the sanitation and pre-packing departments of Defendants' plant.  Plaintiff Pineda was hired at an hourly rate of $9 per hour which was increased incrementally to $12 per hour during the course of her employment.  Plaintiff Pineda typically worked at least six (6) days per week.  She worked at least one eight-hour shift on each work day.  On average, she worked double shifts (two successive eight-hour shifts in a single day) three (3) times per week.  She was also often called into work on short notice to work additional hours.  On average, she was required to work "off the clock" for at least 15-30 minutes, as described above, two to three times per week.

72.   Plaintiff Isaac Runciman was employed by Defendants from approximately May 2008 to approximately July 2018.   Plaintiff Isaac Runciman worked in the dishwashing, food preparation, sanitation and pre-packing departments of Defendants' plant.  His primary job duty was the performance of physical labor in collaboration with a team of other workers. Plaintiff Runciman was hired at an hourly rate of $10.50 per hour which was later increased to $12 per hour.  On or about September 2009, Defendants informed Plaintiff Runciman that he would be paid on a salary basis because he was "working so many hours." Thereafter, Plaintiff Runciman was paid a fixed weekly salary regardless of how many hours he worked.  Plaintiff Runciman typically worked at least 6 days per week.  He worked at least eight (8) hours each day and often worked more than ten (10) hours in a single day.

He was often called into work on short notice to work additional hours. On average, he was required to work "off the clock" for at least 15-30 minutes, as described above, two to three times per week during periods when he was assigned to work day shifts.

73. Plaintiff Amparo Chauca was employed by Defendants from approximately December 2009 to approximately April 2015. Plaintiff Amparo Chauca worked in the sanitation and food preparation departments of Defendants' plant. Plaintiff Amparo Chauca was hired at an hourly rate of $8.25 per hour which was increased incrementally to $10.75 per hour during the course of her employment. Plaintiff Chauca typically worked at least five (5) days per week. She worked at least one eight-hour shift on each work day but regularly worked nine (9) or more hours each day. On average, she was required to work "off the clock" for at least 15-30 minutes, as described above, two to three times per week.

74. Plaintiff Laos Cardoso was employed by Defendants from approximately April 4, 2011 to approximately February 26, 2018. Plaintiff Laos Cardoso worked in the maintenance department departments of Defendants' plant. His primary duty was the performance of physical labor in collaboration with a team of maintenance works. Plaintiff Cardoso was hired at an hourly rate of $17 per hour. On or about August 2011, Defendants informed Plaintiff Cardoso that he was "already a manager" and would be paid on a salary basis. Thereafter, Plaintiff Cardoso was paid a fixed weekly salary regardless of how many hours he worked. Plaintiff Cardoso typically worked at least six (6) days per week. He worked at least eight (8) hours on each day and often worked more than ten (10) hours in a day. He was often called in on short notice to work additional hours. On average, he was required to work "off the clock" for at least 15-30 minutes, as described above, two to three times per week during periods when he was assigned to work day shifts.

12

75.     Plaintiff Juana Cruz was employed by Defendants from approximately September 2012 to approximately September 2018.  Plaintiff Juana Cruz worked in the food preparation, pre-packing and packing departments of Defendants' plant.  Plaintiff Juana Cruz was hired at an hourly rate of $8.50 per hour which was increased incrementally to $11.50 per hour during the course of her employment.  Plaintiff Cruz typically worked at least five (5) days per week and, on average, worked six days per week twice monthly.  She worked at least one eight-hour shift on each work day but often worked ten (10) or more hours per day.  On average, she was required to work "off the clock" for at least 15-30 minutes, as described above, two to three times per week

76.     Each of the above-named Plaintiffs routinely worked in excess of 40 hours per week and often worked more than ten (10) hours in a day.  Defendants failed to pay each Plaintiff a premium rate for certain of his/her overtime hours, never paid him/her an extra hour of pay for working more than ten (10) hours in a day, regularly required him/her to work "off the clock" and deducted hundreds of dollars from his/her wages for work shoes which he/she was required to purchase through Defendants.

77.     During Plaintiffs' employment, in response to Plaintiffs' complaints regarding uncompensated "off the clock" labor, Defendants repeatedly told Plaintiffs that they were not entitled to pay for such work and threatened to terminate Plaintiffs' employment if they complained.

78.     Defendants issued paychecks to Plaintiffs that deliberately failed to disclose the rate of pay for "retroactive" compensation, i.e. payment of wages for overtime hours worked in a previous week.

79.     Defendants issued paychecks to Plaintiffs that deliberately underreported the number of

hours worked during the week.

80.    During Plaintiffs' employment by Defendants, Plaintiffs did not discover the nature or extent of Defendants' violations of their right to be paid according to the law because, among other things, Defendants took such actions to conceal their violations of state and federal law.

81.    Defendants led Plaintiffs to believe that nonpayment of wages for work performed prior to "punching in" and delayed payment of wages were lawful business practices.

82.    Upon leaving Defendants' employment, Plaintiffs have learned of their rights under the applicable statute, and promptly commenced this suit.

83.    Defendants were aware or should have been aware that applicable law required them to pay employees such as Plaintiffs premium pay for all hours worked in excess of forty (40) per week.

84.    At the time that Plaintiffs and other workers began working for Defendants, Defendants failed to furnish them with accurate written disclosures of their legally mandated wage rates in English and in their primary language, Spanish, as required by NYLL § 195(1).

85.    Defendants never thereafter furnished Plaintiffs or other workers with accurate written disclosures in English or Spanish as required by NYLL § 195(1).

86.    Defendants failed to furnish Plaintiffs and other workers with accurate wage statements containing the information required by NYLL § 195(3).

87.    Plaintiffs do not speak or read English fluently.

88.    Upon information and belief, at all times during the period of Plaintiffs' employment by Defendants, at least 100 other individuals were simultaneously employed by Defendants in similar capacities and were subject to the same nonpayment of lawful wages in violation

14

of Federal and State law as described in the preceding paragraphs. The duration of employment for each individual varied and was often less than six months. Plaintiffs estimate that in total at least 250 individuals were employed by Defendants in similar capacities at the same job sites and subject to the same pay, hiring notice and wage statement policies during the past six years.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

89.    Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca and Juana Cruz bring their FLSA minimum wage claims, the First Cause of Action, as a collective action under the collective action provision of the FLSA as set forth in 29 U.S.C. § 216(b) on behalf of themselves and the "FLSA Hourly Paid Minimum Wage Collective Class" defined as:

> All current and former employees who have worked for Defendants as manual laborers in Defendants' New Windsor plant within the three years prior to the filing of this case and the date of final judgment in this matter, or such earlier date as the Court may determine is equitable, and who were paid on an hourly basis and not paid at least the then applicable federal minimum wage for every hour worked.

90.    Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca and Juana Cruz bring their FLSA overtime wage claims, the Second Cause of Action, as a collective action under the collective action provision of the FLSA as set forth in 29 U.S.C. § 216(b) on behalf of themselves and the "FLSA Hourly Paid Overtime Wage Collective Class" defined as:

> All current and former employees who have worked for Defendants as manual laborers in Defendants' New Windsor plant within the three years prior to the filing of this case, or such earlier date as the Court may determine is equitable, and the date of final judgment in this matter, and who were not paid one and a half times their regular rate for all hours worked over forty (40) in a workweek.

91.    Plaintiffs Isaac Runciman and Laos Cardoso bring their FLSA overtime wage claims, the Third Cause of Action, as a collective action under the collective action provision of the

FLSA as set forth in 29 U.S.C. § 216(b) on behalf of themselves and the "FLSA Salary

Paid Collective Class" defined as:

All current and former employees who have worked for Defendants as manual laborers in Defendants' New Windsor plant within the three years prior to the filing of this case, or such earlier date as the Court may determine is equitable, and the date of final judgment in this matter, and who were paid on a salary basis and not compensated at a rate of one and a half times their regular rate for all hours worked over forty (40) in a workweek.

92.   Plaintiffs seek to add such additional former employees to the above proposed collective

classes who ceased work in excess of three years prior to the filing of this matter by means

of equitable tolling.

93.   Plaintiffs seek to calculate damages on behalf of former and current employees over the

duration of their employment, by means of equitable tolling.

94.   The current and former employees described above are situated similarly to Plaintiffs

within the meaning of FLSA, 29 U.S.C. § 216(b) and, therefore, the First Cause of Action

herein may be brought and maintained as an "opt-in" collective action pursuant to Section

16(b) of FLSA.

95.   These causes of action are also maintainable as collective actions pursuant to FLSA, 29

U.S.C. §216(b) because the prosecution of separate actions by individual members of the

Class would create a risk of inconsistent or varying adjudications with respect to individual

current and former employees which would establish incompatible standards of conduct

for Defendants.

96.   The names, last known addresses and cell phone numbers of the proposed Collective

Action Class members are available from Defendants, and notice of and an opportunity to

join this lawsuit should be provided to all potential opt-in Plaintiffs both by first class mail

to their last known address and by workplace posting, as well as by other practicable means

16

including but not limited to text messaging, as soon as possible.

## VI.    FRCP RULE 23 CLASS ACTION ALLEGATIONS

97.    Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca and Juana Cruz ("Individual Plaintiffs") bring their NYLL claims, the Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action, on behalf of themselves and all other similarly situated individuals (hereinafter "the NYLL Class") under Rules 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil Procedure.  The subclasses of the NYLL Class are defined as follows

a.   All persons who worked for one or more of the Defendants as an hourly paid manual laborer in Defendants' New Windsor plant between six years prior to the filing of this case, or such earlier date as the Court may determine is equitable, and the date of final judgment in this matter (hereinafter "the Class Period"), and were not paid at least the then applicable NYS minimum wage for every hour worked within seven (7) calendar days of the end of the week in which the wages were earned (hereinafter "the NYLL Minimum Wage Class").

b.   All persons who worked for one or more of the Defendants as an hourly paid manual laborer in Defendants' New Windsor plant during the Class Period, or such earlier date as the Court may determine is equitable, and were not paid one and a half times their regular rate for every hour worked over forty (40) hours in a work week within seven (7) calendar days of the end of the week in which the wages were earned (hereinafter "the NYLL Overtime Wage Class").

c.   All persons who worked for one or more of the Defendants as an hourly paid manual laborer in Defendants' New Windsor plant during the Class Period, or such earlier date as the Court may determine is equitable, and who worked over a span of more than ten (10) hours in a day or worked split shifts and were not paid an extra hour of pay within seven (7) calendar days of the end of the week in which the wages were earned (hereinafter "the NYLL Spread of Hours Class").

d.   All persons who worked for one or more of the Defendants as an hourly paid manual laborer in Defendants' New Windsor plant during the Class Period, or such earlier date as the Court may determine is equitable, and from whose wages Defendants deducted monies for the purchase of shoes (hereinafter "the NYLL Unlawful Deductions Class").

e.   All persons who worked for one or more of the Defendants as an hourly paid manual laborer in Defendants' New Windsor plant during the Class Period, or such earlier date as the Court may determine is equitable, and who were not provided the proper hiring notice pursuant to N.Y. Lab. Law § 195(1) (hereinafter, the "NYLL Hiring Notice Class").

     f.   All persons who worked for one or more of the Defendants as an hourly paid manual laborer in Defendants' New Windsor plant during the Class Period, or such earlier date as the Court may determine is equitable, and who were not provided the proper wage statement pursuant to N.Y. Lab. Law § 195(3) (hereinafter, the "NYLL Wage Statement Class").

98.    The persons in the NYLL Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 200-300 members of the NYLL Class during the six years prior to the filing of this lawsuit.  There are questions of law and fact common to the NYLL Class which predominate over any questions affecting only individual members.  The claims of the Individual Plaintiffs are typical of the claims of the NYLL Class.  The Individual Plaintiffs will fairly and adequately protect the interests of the NYLL Class.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual employees lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class as a whole.

99.    Questions of law and fact common to the collective and class action as a whole include, but are not limited to the following:

    a.   Whether each of the Defendants is an employer under the FLSA and/or the NYLL;

    b.   Whether Defendants unlawfully failed and continue to fail to pay minimum wage and

overtime compensation in violation of FLSA;

c.   Whether Defendants unlawfully failed and continue to fail to pay minimum wage, spread of hours and overtime compensation in violation of NYLL;

d.   Whether Defendants made unlawful deductions from and unlawfully delayed payment of Plaintiffs' wages in violation of FLSA and/or NYLL; and

e.   Whether Defendants failed to provide legally required hiring notices and wage statement notices, in violation of NYLL.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Fair Labor Standards Act Minimum Wage Violations**
**On Behalf of Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and the FLSA Hourly Paid Minimum Wage Collective Class**

100.   Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and any FLSA Hourly Paid Minimum Wage Collective Class members who file individual consents to sue in this action restate, re-allege and incorporate by reference all of the preceding allegations as if fully set forth herein.

101.   Defendants willfully failed to pay Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and FLSA Hourly Paid Minimum Wage Collective Class members at least the then applicable federal minimum wage for each hour worked in violation of 29 U.S.C. § 206 *et seq*.

102.   Defendants willfully failed to pay Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and FLSA Hourly Paid Minimum Wage Collective Class members their wages in a timely manner.

103.   Defendants made unlawful deductions from the wages of Plaintiffs Diana Corea, Sindy

Pineda, Amparo Chauca, Juana Cruz and FLSA Hourly Paid Minimum Wage Collective

Class members.

104. Due to Defendants' FLSA violations, Plaintiffs Diana Corea, Sindy Pineda, Amparo

Chauca, Juana Cruz and the FLSA Hourly Paid Minimum Wage Collective Class members

are entitled to recover from Defendants, jointly and severally, their unpaid minimum wage

compensation, an additional equal amount as liquidated damages, reasonable attorneys'

fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

### SECOND CAUSE OF ACTION

**Fair Labor Standards Act Overtime Wage Violations**
**On Behalf of Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and the**
**FLSA Hourly Paid Overtime Wage Collective Class**

105. Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and any FLSA Hourly

Paid Overtime Wage Collective Class members who file individual consents to sue in this

action restate, re-allege and incorporate by reference all of the preceding allegations as if

fully set forth herein.

106. Defendants willfully failed to pay Plaintiffs and the FLSA Hourly Paid Overtime Wage

Collective Class members overtime compensation at rates not less than one and one-half

times the regular rate of pay for each hour worked in excess of forty (40) hours in a

workweek, in violation of 29 U.S.C. § 207 (a)(1).

107. Defendants willfully failed to pay Plaintiffs and the FLSA Hourly Paid Overtime Wage

Collective Class members their wages in a timely manner.

108. Defendants made unlawful deductions from Plaintiffs' wages and the wages of the FLSA

Hourly Paid Overtime Wage Collective Class members.

109. Due to Defendants' FLSA violations, Plaintiffs and the FLSA Hourly Paid Overtime Wage

Collective Class members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

### THIRD CAUSE OF ACTION

**Fair Labor Standards Act Overtime Wage Violations**
**On Behalf of Plaintiffs Isaac Runciman, Laos Cardoso and the FLSA Salary Paid Overtime Wage Collective Class**

110.    Plaintiffs Isaac Runciman, Laos Cardoso and any FLSA Salary Paid Overtime Wage Collective Class members who file individual consents to sue in this action restate, re-allege and incorporate by reference all of the preceding allegations as if fully set forth herein.

111.    Defendants willfully failed to pay Plaintiffs Isaac Runciman and Laos Cardoso and FLSA Salary Paid Overtime Wage Collective Class members overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

112.    Defendants willfully failed to pay Plaintiffs Isaac Runciman and Laos Cardoso and FLSA Salary Paid Overtime Wage Collective Class members their wages in a timely manner.

113.    Defendants made unlawful deductions from the wages of Plaintiffs Isaac Runciman and Laos Cardoso and FLSA Salary Paid Overtime Wage Collective Class members.

114.    Due to Defendants' FLSA violations, Plaintiffs Isaac Runciman and Laos Cardoso and FLSA Salary Paid Overtime Wage Collective Class members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

## FOURTH CAUSE OF ACTION

### New York Labor Law – Minimum Wage
### On Behalf of Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz
### and the NYLL Class

115.    Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, and Juana Cruz on behalf of the NYLL Minimum Wage Class restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

116.    Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and NYLL Minimum Wage Class members the then applicable New York State minimum wage for each hour worked within 7 calendar days after the end of the week in which the wages were earned in violation of the NYLL and its regulations.

117.    Due to Defendants' New York Labor Law violations, Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and NYLL Minimum Wage Class members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

## FIFTH CAUSE OF ACTION

### New York Labor Law – Overtime Wage
### On Behalf of Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz
### and the NYLL Overtime Wage Class

118.    Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, and Juana Cruz on behalf of the NYLL Overtime Class restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

119.    Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and NYLL Overtime Wage Class members overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek within seven (7) calendar days after the end of the week in which the wages were earned in violation of the NYLL and its regulations.

120.    Due to Defendants' New York Labor Law violations, Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and NYLL Overtime Wage Class members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

### SIXTH CAUSE OF ACTION

**New York Labor Law – Spread of Hours**
**On Behalf of Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz**
**and the NYLL Spread of Hours Class**

121.    Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, and Juana Cruz on behalf of the NYLL Spread of Hours Class restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

122.    Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and NYLL Spread of Hours Class members an extra hour of pay for days on which their workday spanned more than ten (10) hours or on which they worked split shifts within seven (7) calendar days after the end of the week in which the wages were earned in violation of the NYLL and its regulations.

123.    Due to Defendants' New York Labor Law violations, Plaintiffs Diana Corea, Sindy Pineda,

Amparo Chauca, Juana Cruz and NYLL Spread of Hours Class members are entitled to recover from Defendants, jointly and severally, their unpaid spread of hours compensation, liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

## SEVENTH CAUSE OF ACTION

**New York Labor Law – Unlawful Deductions**
**On Behalf of Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and the NYLL Overtime Wage Class**

124.   Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz on behalf of the NYLL Unlawful Deductions Class restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

125.   Defendants willfully violated the rights of Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and NYLL Unlawful Deductions Class members by deducting monies from their wages for a purpose which was not primarily for their benefit and without their voluntary written authorization and without written notice of all terms and conditions of the payment and/or its benefits in violation of the NYLL § 193 and its regulations.

126.   Defendants willfully violated the rights of Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and NYLL Unlawful Deductions Class members by deducting monies from their wages and by requesting, demanding, or receiving such payments from them upon the statement, representation, or understanding that failure to comply with such request or demand would prevent such employee from procuring or retaining employment in violation of the NYLL § 198-b and its regulations.

127.   Due to Defendants' New York Labor Law violations, Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and NYLL Unlawful Deductions Class members are entitled

to recover from Defendants, jointly and severally, their unlawfully deducted wages, liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

## EIGHTH CAUSE OF ACTION

### New York Labor Law – Wage Notice and Wage Statement
### On Behalf of Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz and the Hiring Notice and Wage Statement Class

128.    Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, Juana Cruz on behalf of themselves and the Hiring Notice and Wage Statement Classes, reallege and incorporate by reference all allegations in all preceding paragraphs.

129.    Defendants failed to supply Plaintiffs and the members of the Hiring Notice Class a notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiffs and the members of the Wage Notice Class as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

130.    Defendants failed to supply Plaintiffs and the members of the Wage Statement Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the

hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

131.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper notice at the time of hiring from April 9, 2011 through February 26, 2015, Plaintiffs and members of the Hiring Notice Class are each entitled to damages of $50 per day, up to a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, as well as reasonable attorneys' fees, costs, and injunctive and declaratory relief.

132.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendants failed to provide a proper notice at the time of hiring from February 26, 2015 through the present, Plaintiffs and members of the Hiring Notice Class are entitled to damages of $50 per day, up to a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, as well as reasonable attorneys' fees, costs, and injunctive and declaratory relief.

133.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiffs and members of the Wage Statement Class are each entitled to damages of $100 per day, up to a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, as well as reasonable attorneys' fees, costs, and injunctive and declaratory relief. 224.

134.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiffs and members of the Wage Statement Class are each entitled to damages of $250 per day, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## NINTH CAUSE OF ACTION

### New York Labor Law
### On Behalf of Plaintiffs Isaac Runciman and Laos Cardoso

135.   Plaintiffs Isaac Runciman and Laos Cardoso re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

136.   Defendants willfully violated Plaintiffs Isaac Runciman's and Laos Cardoso's rights by failing to pay Plaintiffs Isaac Runciman and Laos Cardoso (a) their wages within seven (7) days of when the work was performed, (b) the then applicable New York State minimum wage for each hour worked, (c) overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and (d) an additional hour of pay for each workday spanning more than 10 hours or on which they worked split shifts, in violation of the NYLL and its regulations.

137.   At no time did Defendants furnish Plaintiffs Isaac Runciman or Laos Cardoso with proper and accurate written pay notice in English or Spanish at the time of hire or when required annually in violation of NYLL § 195(1).

138.   At no time did Defendants furnish Plaintiffs Isaac Runciman or Laos Cardoso with a proper and accurate written pay notice in English or Spanish reflecting Plaintiffs Isaac Runciman's and Laos Cardoso's regular rates of pay, overtime rates of pay, or any changes to Plaintiffs' rate of pay, in violation of NYLL § 195(1).

139.   At no time did Defendants furnish Plaintiffs Isaac Runciman or Laos Cardoso with proper and accurate wage statements, in violation of NYLL § 195(3).

140.   Defendants willfully violated Plaintiffs Isaac Runciman's and Laos Cardoso's rights by deducting monies from their wages for a purpose which was not primarily for their benefit

and without their voluntary written authorization and without written notice of all terms and conditions of the payment and/or its benefits in violation of the NYLL § 193 and its regulations.

141.    Defendants willfully violated Plaintiffs Isaac Runciman's and Laos Cardoso's rights by deducting monies from their wages and requesting, demanding, or receiving such payments from them upon the statement, representation, or understanding that failure to comply with such request or demand would prevent such employee from procuring or retaining employment in violation of the NYLL § 198-b and its regulations.

142.    Due to Defendants' New York Labor Law violations, Plaintiffs Isaac Runciman and Laos Cardoso are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, their unpaid minimum wages, damages for unreasonably delayed payment of wages, damages for Defendants' illegal deductions from their wages, liquidated damages, statutory penalties for Defendants' wage notice and wage statement violations, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

143.    Certify this case as a class action pursuant to Fed. R. Civ. Proc. 23(b)(1) and (3);

144.    Designate this action as a collective action on behalf of the proposed Collective Classes pursuant to FLSA § 216(b) and order prompt issuance of notice to all similarly situated members of the Collective Classes apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to FLSA § 216(b) and toll the statute of limitations on the claims of all "opt-in" Class Plaintiffs from the date of filing of this Complaint until the

Collective Class has been provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

145. Designate Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca, and Juana Cruz as representatives of the Rule 23 Class Plaintiffs;

146. Declare Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA;

147. Declare Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under NYLL;

148. Declare that Defendants' violations of the FLSA and NYLL were willful;

149. Equitably toll the statute of limitations;

150. Order Defendants to pay to Plaintiffs and Class Plaintiffs all minimum and overtime wages owed, consistent with the FLSA;

151. Order Defendants to pay to Plaintiffs and Class Plaintiffs all minimum wages, spread of hours pay, unlawfully deducted wages and overtime wages owed, consistent with NYLL;

152. Award Plaintiffs and Class Plaintiffs liquidated damages for all wages withheld or delayed in violation of FLSA;

153. Award Plaintiffs and Class Plaintiffs additional liquidated damages for all wages withheld, deducted or delayed in violation of NYLL;

154. Award Plaintiffs and Class Plaintiffs statutory damages for Defendants violations of the hiring and wage notice provisions of NYLL;

155. Award the named Plaintiffs additional appropriate compensation as incentive payments for their particular participation in this litigation benefitting other workers;

156. Award Plaintiffs reasonable attorneys' fees, costs and interest; and

157.    Award Plaintiffs such other legal and equitable relief as the Court deems appropriate.

## IX. REQUEST FOR TRIAL BY JURY

Plaintiffs respectfully request a trial by jury as to all claims to which they are entitled.


RESPECTFULLY SUBMITTED,


/s/ Robert McCreanor

Robert McCreanor, Esq.
Laura Revercomb, Esq.
Worker Justice Center of New York
9 Main Street
Kingston, NY 12401
(845) 331-6615
lrevercomb@wjcny.org
rmccreanor@wjcny.org


**ATTORNEYS FOR THE PLAINTIFFS**

Dated: November 7, 2018