UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

DIANA COREA, SINDY PINEDA, ISAAC RUNCIMAN, AMPARO CHAUCA, LAOS CARDOSO, AND JUANA CRUZ, Individually, and on behalf of all others similarly situated as Class Representatives,

                  Plaintiff,

                  v.

CAFÉ SPICE {GCT}, INC. A/K/A CAFÉ SPICE INC. A/K/A CAFÉ SPICE GLOBAL CUISINE A/K/A ZAIKA FLAVORS OF INDIA; SUSHIL MALHOTRA; SAMEER MALHOTRA; PAYAL MALHOTRA; AND VIRGILIO FELIX,

                  Defendants.

Case No.: 7:18-cv-10354 (KMK) (JCM)

**[PROPOSED] ORDER PROVISIONALLY CERTIFYING SETTLEMENT CLASS, GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND OTHER RELIEF**

WHEREAS, the above-captioned class and collective action (the "Action") is pending before this Court;

WHEREAS, the Court has reviewed the Settlement Agreement and Release dated November 24, 2019 (the "Agreement"), which has been entered into by and among Plaintiffs Diana Corea, Sindy Pineda, Isaac Runciman, Amparo Chauca, Laos Cardoso, Juana Cruz and Francisco Mendez and Café Spice {GCT}, Inc. a/k/a Café Spice Inc. a/k/a Café Spice Global Cuisine a/k/a Zaika Flavors of India ("Café Spice" or the "Company"); Sushil Malhotra; Sameer Malhotra; Payal Malhotra; and Virgilio Felix ( "Defendants");

1

WHEREAS, the Agreement sets forth the terms and conditions for a settlement and dismissal of the Action, including all defined terms used herein; and,

WHEREAS, Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca and Juana Cruz ("Class Representatives") have made an application pursuant to Federal Rule of Civil Procedure 23(e) for an order provisionally certifying for settlement purposes a class under Federal Rule of Civil Procedure 23.

NOW THEREFORE IT IS HEREBY ORDERED that:

**A.     Definition of the Settlement Class**

1.     The Parties have entered into the Agreement solely for the purposes of compromising and settling their disputes in this matter.  As part of the Agreement, Defendant has agreed not to oppose, for settlement purposes only, provisional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) of the following settlement class ("NYLL Class"):

> All current and former hourly paid manual laborers, including truck drivers, and all truck drivers who were paid on a salary basis, who worked in Defendants' New Windsor plant at any time during the relevant statutory period from November 7, 2012 through September 23, 2019 and who were agreed upon by the parties and whose names are listed in Exhibit B attached to the Agreement. There are 687 such individuals.

2.     Except as otherwise specified herein, for purposes of this Order, the Court adopts the definitions of all capitalized terms used herein as set forth in the Agreement.

3.     If final approval is granted, all Class Members, with the exception of Opt-Outs, shall be covered by the terms of the Agreement.  The opt-in acknowledgments contained on the backs of the Settlement Checks shall be deemed filed with the Court at the time each Qualified Class Member signs, endorses, deposits, cashes, or negotiates his or her Settlement Checks. Each Affected Class Member, regardless of whether such Qualified Class Member cashes,

deposits, endorses, signs, or negotiates his or her Settlement Check(s), shall be bound by the release contained in the Agreement.

**B.     Rule 23 Certification of the NYLL Class**

4.     Preliminary settlement approval, provisional class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Agreement, and setting the date and time of the final approval hearing. Fed. R. Cv. P. 23(e)(1); *Almonte v. Marina Ice Cream Corp.*, 2016 WL 7217258, at *2 (S.D.N.Y. Dec. 8, 2016) (conditionally certifying wage and hour settlement class and granting preliminary approval); *Clem v. Keybank, N.A.*, 2014 WL 1265909, at *2 (S.D.N.Y. Mar. 27, 2014) (same).

5.     In examining potential provisional certification of the settlement class, the Court has considered: (1) the allegations, information, arguments and authorities cited in the Motion for Preliminary Approval and supporting memorandum and declarations; (2) the allegations information, arguments and authorities provided by the Parties in connection with the pleadings and motions filed by each of them in this case; (3) information, arguments, and authorities provided by the Parties in conferences and arguments before this Court; (4) Defendant's conditional agreement, for settlement purposes only, not to oppose conditional certification of the settlement class specified in the Agreement; (5) the terms of the Agreement, including, but not limited to, the definition of the settlement class specified in the Agreement; and (6) the elimination of the need, on account of the Settlement, for the Court to consider any trial manageability issues that might otherwise bear on the propriety of class certification.

6.     This Court finds (exclusively for the present purposes of evaluating the settlement) that Plaintiffs meet all the requirements for class certification under Federal Rule of

Civil Procedure 23(a) and (b)(3). As required under Rule 23(a), Plaintiffs have demonstrated that their class is sufficiently numerous, that there are common issues across the class, that the Plaintiffs' claims are typical of the class, and that the Plaintiffs and their attorneys would be effective Class Representatives and Class Counsel, respectively. The Court also finds that the common issues identified by Plaintiffs predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, the Court need not address the issue of manageability. The Court therefore concludes that the purported Class satisfies the elements of Rule 23(b)(3). Accordingly, pursuant to Rule 23(c) and (e), the Court certifies this Class for the purposes of settlement, notice and award distribution only.

**C.     Appointment of Class Representative and Class Counsel**

7.     Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca and Juana Cruz are appointed as class representatives of the Class.

8.     Robert McCreanor, Esq., Laura Revercomb, Esq. and John Marsella, Esq., of Worker Justice Center of New York are appointed as class counsel for the Class ("Class Counsel").

**D.     Disposition Of Settlement Class If Agreement Does Not Become Effective**

If, for any reason, the Agreement ultimately does not become effective, Defendant's agreement not to oppose conditional certification of the settlement class shall be null and void in its entirety; this Order conditionally certifying the settlement class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement, the Motion, this

Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.  In particular, the class certified for purposes of settlement shall be decertified, and Defendant will retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by Plaintiffs.

E.     **Preliminary Approval Of Settlement**

9.     Based upon the Court's review of the Parties' Memorandum of Law in Support of Parties' Motion for Preliminary Approval of Class Settlement, the Declaration of Robert McCreanor, and all other papers submitted in connection with the Parties' Preliminary Approval Motion, the Court grants preliminary approval of the Settlement memorialized in the Agreement.

10.    The Court preliminarily finds that the Settlement is fair and reasonable pursuant to Federal Rule of Civil Procedure 23(e)(2), including the proposed attorneys' fees and costs and the proposed Service Payments.

11.    The Court finds, based on the papers submitted, that the Settlement was negotiated at arm's length and was not collusive.  The Court further finds that Class Counsel and Defendants' Counsel were fully informed about the strengths and weaknesses of the Classes' case when they entered into the Agreement.

12.    The Court also finds that the relief provided to the Class and the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted and is within the range of possible approval such that Class Notice is appropriate.  In addition, the proposed settlement appears to treat Class Members equitably to each other.

13. Accordingly, the Court grants preliminary approval to the Agreement and the plan of allocation as fair, reasonable, and adequate.

14. The Court authorizes Class Counsel and Defendants' Counsel to select a Claims Administrator.

15. The Court further finds that the provisions of the Agreement that resolve the individual FLSA claims of Plaintiffs Isaac Runciman and Laos Cardoso satisfy the requirements set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir 2015).

**F.    Final Fairness Hearing**

16. The Final Fairness Hearing shall be held on _____, 2020 at    :____ [a.m./p.m.] (as per Section 2.3 of the Agreement, should be no earlier than 120 days after the filing of the Preliminary Approval Motion) to determine whether to grant final approval to the Agreement. At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel and any Service Awards to be made to any Plaintiffs. Not later than ten (10) days before the Fairness Hearing, Class Counsel shall submit a Motion for Judgment and Final Approval and a motion for an award of attorneys' fees and reimbursement of costs/expenses and for Service Awards.

**G.    Approval of Form and Manner of Class Notice**

17. The Court finds that the form and methods set forth in the Plaintiffs' Preliminary Approval Motion of notifying Class Members of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. The form and methods set forth in the Preliminary Approval Motion constitute the best notice practicable under the circumstances, and the detailed information in the Class Notice is adequate to put Class

Members on notice of the Settlement. Accordingly, the Court approves, as to form and content, the Class Notice (Exhibit C to the Agreement) and the Claim Form (Exhibit D to the Agreement).

18. The Court orders that Class Members who wish to be excluded from the Settlement must mail an Opt-Out Request letter to the Claims Administrator saying that the Class Member wants to be excluded from the settlement. To be effective, any Opt-Out Request letters must be mailed to the Claims Administrator via First Class United States Mail by a date certain to be specified on the Notice, which will be 60 calendar days after the Claims Administrator makes the initial mailing of the notice.

19. The Court further Orders that Class Members who wish to present objections to the Settlement at the Fairness Hearing must first do so in writing. To be effective, a written objection must be sent to the Claims Administrator via First Class United States Mail, postage prepaid, and be postmarked no later than 60 calendar days after the Claims Administrator mails the Settlement Forms. In addition, no objection will be effective if not received by the Settlement Administrator prior to twenty (20) days before the Fairness Hearing. The Parties may file with the Court written responses to any objections no later than 7 calendar days before the Fairness Hearing or may elect to respond to such objections in the motion and brief in support of final approval, or orally at the Fairness Hearing.

It is so ORDERED this ____ day of _____, 2019.

_____
The Honorable Kenneth M. Karas
United States District Judge