## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DIANA COREA, SINDY PINEDA, ISAAC RUNCIMAN, AMPARO CHAUCA, LAOS CARDOSO, AND JUANA CRUZ, Individually, and on behalf of all others similarly situated as Class Representatives,

        Plaintiff,

        v.

CAFÉ SPICE {GCT}, INC. A/K/A CAFÉ SPICE INC. A/K/A CAFÉ SPICE GLOBAL CUISINE A/K/A ZAIKA FLAVORS OF INDIA; SUSHIL MALHOTRA; SAMEER MALHOTRA; PAYAL MALHOTRA; AND VIRGILIO FELIX,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No.: 7:18-cv-10354 (KMK) (JCM)

## FINAL SETTLEMENT AGREEMENT AND RELEASE

This Final Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiffs (as hereinafter defined) and the class of individuals that they seek to represent (as hereinafter defined) and Defendants (as hereinafter defined) (together, "the Parties").

## RECITALS

WHEREAS, Plaintiffs Diana Corea, Sindy Pineda, Isaac Runciman, Amparo Chauca, Laos Cardoso, and Juana Cruz (hereafter "the Named Plaintiffs") filed a Collective and Class Action Complaint on November 7, 2018, Case No. 7:18-cv-10354 (KMK) (JCM) (hereafter "the Litigation");

WHEREAS, the Complaint asserted Rule 23 class-action claims under the New York Labor Law ("NYLL") and collective-action claims under the Fair Labor Standards Act ("FLSA") and sought recovery of, among other things, improper wage deductions, unpaid spread of hours, unpaid minimum wages, unpaid overtime wages, notice and wage statement damages, liquidated damages, pre-judgement interest, and attorneys' fees and costs.  In addition, the Complaint asserts misclassification claims for two individual named plaintiffs for the periods of time during which those plaintiffs were paid on a salary basis;

WHEREAS, on June 6, 2019, the Court conditionally certified a FLSA collective action;

WHEREAS, Plaintiffs claim that additional former employees of Defendants were misclassified as exempt from the overtime provisions of the FLSA and NYLL for the period(s) of time during which they were paid on a salary basis;

WHEREAS, Defendants have denied and continue to deny all of the allegations made by Plaintiffs in the Litigation and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any fault, wrongdoing, liability or damages, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, the Parties have engaged in targeted discovery including, but not limited to, reviewing thousands of pages of documents exchanged by the Parties and analyzing time and payroll records, and detailed records relating to work performed by Plaintiffs and Class Members (as hereinafter defined);

WHEREAS, the Parties participated in an all-day mediation on September 23, 2019, with the assistance of a private mediator, Marc Isserles, Esq. and reached an agreement on the monetary value of a settlement and certain other terms, and thereafter reached a comprehensive agreement on all terms of settlement resulting in this Agreement;

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation with respect to certain claims, including the possibility that the Litigation, if not settled now, might result in a recovery that is less favorable to the Plaintiffs and Class Members, and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Class Members and the individual named Plaintiffs;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.      **DEFINITIONS**

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1     **Affected Class Member.** "Affected Class Members" are Rule 23 Class Members who do not timely and properly follow the procedure specified in the Class Notice approved by the Court to validly opt-out of the Settlement. Under no circumstances shall the total number of Affected Class Members exceed 710 individuals.

1.2     **Agreement**. "Agreement" shall mean this Final Settlement Agreement and Release.

1.3 **Claim Form.** "Claim Form" shall refer to the form, attached hereto as Exhibit D (and which will accompany the Class Notice), that a Class Member must sign and return to the Claims Administrator in order to receive a settlement check.

1.4 **Claims Administrator.** "Claims Administrator" shall mean the entity selected by the Parties to provide notice to the Class and administer payment of the settlement to Class Members and individual Plaintiffs.

1.5 **Class Counsel.** "Class Counsel" shall mean the Worker Justice Center of New York, Inc. For the purposes of providing any notices required under this Agreement, Class Counsel shall refer to Robert McCreanor, Esq., Laura Revercomb, Esq., and John Marsella, Esq. of Worker Justice Center of New York, Inc.

1.6 **Class Members.** "Class Members" shall mean all FLSA Collective Members and all Rule 23 Class Members.

1.7 **Class Notice.** "Class Notice" means the Court-approved Class Notice of Proposed Settlement of Class Action and Collective Action Lawsuit, Preliminary Approval of Settlement and Hearing Date for Final Court Approval, attached hereto as Exhibit C.

1.8 **Class Periods**. The following definitions of Class Periods shall be used to calculate total number of weeks worked by Qualified Class Members for the purpose of determining distribution of settlement funds:

   (A) FLSA Class Period: November 7, 2012 to September 23, 2019

   (B) Rule 23 Class Period: November 7, 2012 to September 23, 2019

1.9 **Class Representatives**. "Class Representatives" shall mean Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca and Juana Cruz.

1.10 **Court.** "Court" shall mean the United States District Court for the Southern District of New York.

1.11 **Covered Release Period.** "Covered Release Period" shall mean, November 7, 2012 through the date the Court issues an Order Granting Preliminary Approval of the Parties' Settlement.

1.12 **Days.** "Days" means calendar days unless otherwise specified.

1.13 **Defendants.** "Defendants" shall mean Café Spice {GCT}, Inc. a/k/a Café Spice Inc. a/k/a Café Spice Global Cuisine a/k/a Zaika Flavors of India ("Café Spice" or the "Company"); Sushil Malhotra; Sameer Malhotra; Payal Malhotra; and Virgilio Felix.

1.14 **Defendants' Counsel.** "Defendants' Counsel" shall mean Jackson Lewis P.C. For the purposes of providing any notices required under this Agreement, Defendants' Counsel shall refer to Michael A. Jakowsky, Esq., Adam Gross, Esq., and Lauren Parra, Esq. of Jackson Lewis P.C.

1.15   **Effective Date.**  The "Effective Date" is the date on which this Agreement becomes effective, which shall mean the later of: (1) thirty (30) days following the Court's Order Granting Final Approval of the settlement if no appeal is taken from the final approval order, or (2) the Court's entry of a final order and judgment after resolving any appeals.

1.16   **Employer Portion Payroll Taxes**. "Employer Portion Payroll Taxes" shall mean any and all applicable employer tax contributions associated with wage payments, including but not limited to the employer's share of the FICA tax and any federal and state unemployment tax due.

1.17   **Errors and Omissions Fund.** "Errors and Omissions Fund" means the fund established by the Claims Administrator in order to correct any under-allocation to a Qualified Class Member. The Errors and Omissions Fund will be funded by any settlement checks that remain uncashed at the end of the Payout Period prior to redistribution to Qualified Class Members.

1.18   **Escrow Account.**   "Escrow Account" shall mean the interest-bearing account(s) created and controlled by the Claims Administrator.

1.19   **Fairness Hearing.**  "Fairness Hearing" shall mean the hearing on the Motion for Judgment and Final Approval.

1.20   **FLSA Collective Member.**  "FLSA Collective Members" shall be defined as all current and former hourly paid manual laborers, including truck drivers, and all truck drivers who were paid on a salary basis, who worked in or at Defendants' New Windsor plant at any time from November 7, 2012 through September 23, 2019 and who opted into this Litigation as of the September 23, 2019 mediation. There are 58 such individuals. A list of FLSA Collective Members is attached as Exhibit A.

1.21   **FLSA Opt-in Plaintiffs**. "FLSA Opt-in Plaintiffs" shall be defined as all current and former hourly paid manual laborers, including truck drivers, and all truck drivers who were paid on a salary basis, who worked in or at Defendants' New Windsor plant at any time from November 7, 2012 through September 23, 2019 and who opted into this Litigation at any time through January 1, 2020.

1.22   **Individual Salary Paid Plaintiffs.** "Individual Salary Paid Plaintiffs" shall mean Plaintiffs Isaac Runciman and Laos Cardoso.

1.23   **Individual Settlement Amount**. "Individual Settlement Amount" means each Qualified Class Member's share of the Net Settlement Fund as provided for in this Agreement as calculated by Class Counsel in accordance with Section 3.4(B) below.

1.24   **Litigation.** "Litigation" shall mean the lawsuit filed by Plaintiffs in U.S. District Court for the Southern District of New York, Case No. 18-cv-10354.

1.25   **Net Settlement Fund**.  "Net Settlement Fund" shall mean the remainder of the Settlement Fund after deductions for Court-approved attorneys' fees and costs as described in Section 3.2, Court-approved service awards to Plaintiffs and designated

opt-in Plaintiffs, if any, and the settlement administration fees and costs, as described in Sections 2.12. and 3.3.

1.26 **Order Granting Final Approval**. "Order Granting Final Approval" shall mean the final Order entered by the Court after the Fairness Hearing, granting final approval to this Agreement, resolving all requests for attorney's fees, costs, and Service Awards, and dismissing the Litigation with prejudice.

1.27 **Order Granting Preliminary Approval.** "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving, *inter alia*, the terms and conditions of this Agreement, the manner and timing of providing notice to the Class, and the time period for opt-outs and objections.

1.28 **Payout Period.** "Payout Period" means the period ending three months from the date the last round of settlement checks are first mailed by the Claims Administrator or up to thirty (30) days thereafter to the extent any replacement or subsequent settlement checks remain payable after three months from the date the last round of settlement checks are first mailed by the Claims Administrator.

1.29 **Parties.** "Parties" shall mean Plaintiffs and Defendants.

1.30 **Named Plaintiffs.** "Named Plaintiffs" shall refer to Diana Corea, Sindy Peneda, Isaac Runciman, Amparo Chauca, Laos Cardoso, and Juana Cruz, and shall also include any and all representatives, heirs, administrators, executors, beneficiaries, agents, and assigns of such individuals, as applicable and without limitation.

1.31 **Qualified Class Member.** "Qualified Class Member" shall mean (a) Rule 23 Class Members who do not opt out, pursuant to Section 2.7 of this Agreement, and who timely submit completed Claim Forms and (b) FLSA Opt-in Plaintiffs.

1.32 **Releasees.** "Releasees" shall mean Defendants, as defined herein, and any related present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them.

1.33 **Rule 23 Class; Rule 23 Class Member.** "Rule 23 Class" shall mean all current and former hourly paid manual laborers, including truck drivers, and all truck drivers who were paid on a salary basis, who worked in Defendants' New Windsor plant at any time during the relevant statutory period from November 7, 2012 through September 23, 2019 and who were agreed upon by the parties and whose names are listed in Exhibit B attached hereto. There are 687 such individuals.

1.34 **Service Award.** "Service Award" means a special payment made to the Class Representatives and designated opt-in Plaintiffs who participated in individualized discovery, as described in Section 3.3 below, as compensation for

the special benefits they conferred upon, and the burdens and risks they undertook on behalf of, passive Class Members.

1.35    **Settlement Fund.**  "Settlement Fund" shall mean the total settlement fund of One Million Six Hundred Thousand Dollars and No Cents ($1,600,000.00), plus any interest accrued as provided in Section 3.1.

## 2.    APPROVAL AND CLASS NOTICE

2.1    **Retention of Claims Administrator.**  Within fourteen (14) calendar days after the execution of this Agreement, the Parties shall jointly select and retain a Claims Administrator to administer the settlement process.  The Claims Administrator shall be responsible for mailing the notice and claim form, collecting and verifying Claim Forms returned by Class Members and cutting and mailing checks to Qualified Class Members as provided herein.  The Parties agree to cooperate with the Claims Administrator and assist it in any way possible in administering the settlement described herein as approved by the court.  The Claims Administrator's fees shall be paid from the Settlement Fund.

The Claims Administrator will also be responsible for establishing and administering the Settlement Fund; calculating and withholding Income Withholding and Employee Portion Payroll Taxes from the back pay portion of any payment made to Qualified Class Members; remitting such withheld Income Withholding and Employee Portion Payroll Taxes to the appropriate Taxing Authorities; calculating Employer Portion Payroll Taxes from the back pay portion of any payment made to Qualified Class Members; remitting such Employer Portion Payroll Taxes to the appropriate Taxing Authorities; preparing and filing all tax returns necessary for the settlement and Settlement Fund; preparing one or more declarations regarding the settlement administration process; and fulfilling all tax reporting requirements related to the Settlement Fund. The Claims Administrator will also be responsible for identifying and providing Qualified Class Members with tax forms, if any, required to effectuate payment under this Agreement.

The Claims Administrator shall be required to agree in writing to treat information it receives or generates as part of the settlement administration process as confidential by signing a Confidentiality Agreement to be agreed upon by counsel for all parties.  The Claims Administrator also shall be required to agree in writing to destroy or return all confidential information received from the Parties at the conclusion of its responsibilities in the matter. In addition, the Claims Administrator shall be required to agree in writing to use such information solely for purposes of settlement administration in connection with the Settlement. The Parties will have equal access to the Settlement Administrator.

The Settlement Administrator will be responsible for any other duties described elsewhere in this Agreement.

2.2     **Preliminary Approval by the Court**.   On or before November 25, 2019, unless otherwise agreed, Plaintiffs will file with the Court a Motion for Provisional Certification of the Settlement Class and Preliminary Approval of the Class and Collective Action Settlement ("Preliminary Approval Motion").   In the Preliminary Approval Motion, Plaintiffs' Counsel will seek, among other things, an Order (1) granting  provisional certification of the Rule 23 Class pursuant to Fed. R. Civ. P. 23; (2) granting preliminary approval of the Settlement; (3) approving the Settlement Forms including the proposed Notice and Claim Forms; (4) granting the Parties' request that endorsed settlement checks be deemed filed with the Court in satisfaction of the requirements of 29 U.S.C. § 216(b), (5) appointing Plaintiffs' Counsel as class counsel; (6) permitting the Parties to choose a Settlement Administrator, and (7) scheduling the Final Approval Hearing. The proposed Preliminary Approval Order will include the findings required by Fed. R. Civ. P. 23(a) and 23 (b)(3).

2.3   **The Preliminary Approval Motion.** In the Preliminary Approval Motion, Plaintiffs' Counsel will inform the Court of the intended process to obtain a "Final Approval Order" and a "Judgment of Dismissal" that will, among other things: (a) approve the settlement as fair, adequate and reasonable; (b) incorporate the terms of the Release, as described herein; (c) dismiss the Litigation with prejudice subject to the Court's retention of jurisdiction for the purpose of enforcement of this Agreement; and (d) award Class Counsel fees and costs.  In connection with the Preliminary Approval Motion, Plaintiffs will submit to the Court, among other things: (a) a proposed Notice of Settlement of the Class/Collective Action Lawsuit and Fairness Hearing, which is attached hereto as Exhibit C, and (b) a proposed Order Granting Preliminary Approval which is attached hereto as Exhibit E.  At least seven (7) days in advance of filing the Motion for Preliminary Approval, Plaintiffs will provide Defendants, for Defendants' review and approval, drafts of any memorandum of law submitted in support of the Motion for Preliminary Approval, as well the proposed Order Granting Preliminary Approval and the proposed Class Notice.  Defendants shall provide Plaintiffs with their revisions to these documents, if any, within three (3) days of the deadline to file the Motion for Preliminary Approval.  If the Parties cannot agree on the language in the proposed Order or the Class Notice, Defendants may submit competing versions of these documents for the Court's review.  The Parties will work together diligently and in good faith to obtain preliminary and final approval expeditiously. The Preliminary Approval Motion will seek the setting of a date for Rule 23 Class Members to opt-out (sixty (60) days from the mailing of Class Notice to the Class Members ("Opt-out Period")), objections and a Fairness Hearing.  In accordance with the Class Action Fairness Act, the Fairness Hearing shall be set for a date no earlier than 120 days from the filing of the Preliminary Approval Motion. Defendants will not oppose the Preliminary Approval Motion.

2.4   **Denial of Preliminary Approval.**  If the Court denies the Motion for Preliminary Approval, then the Parties agree to jointly seek reconsideration of the ruling or seek Court approval of a renegotiated settlement. Should reconsideration and/or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the case will proceed as if no settlement had been attempted, and Defendants shall retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by Plaintiffs in this Litigation.  In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule and the Parties will immediately seek to appear before the assigned Magistrate Judge for expeditious determination of Plaintiffs' previously filed motion to compel production of documents (ECF Dkt. 102).

2.5   **Final Order and Judgment from the Court.**  Plaintiffs will seek to obtain from the Court, as a condition of settlement, a Final Order and Judgment in a form to be agreed upon by the Parties.  The proposed Final Order and Judgment will, among other things: (a) finally certify the Rule 23 Class and FLSA Collective Class for purposes of settlement; (b) enter Judgment in accordance with this Agreement; (c) approve the settlement as fair, adequate, reasonable, and binding on all Class Members who have not timely opted out pursuant to Section 2.7;(d) find that Affected Class members are

precluded from pursuing and/or seeking to reopen claims that have been released by this Agreement and dismiss the Litigation with prejudice; subject to the Court's retention of jurisdiction to oversee enforcement of the Agreement; (e) award Class Counsel fees and costs; (f) order that Defendants transfer all funds due herein to the Settlement Fund according to the schedule set forth herein; (g) order that the Claims Administrator should distribute settlement checks from the Settlement Fund according to the process set forth herein; (h) order that the amount of any settlement checks that remain uncashed at the end of the Payout Period (or after the date until which any subsequent or replacement checks remain payable, whichever is later) and that are not used to fund the Errors and Omissions Fund will be redistributed to Qualified Class Members who have cashed their checks according to the formula set forth in this Agreement; and (i) incorporate the terms of this Agreement.  Defendants will not oppose the application for the Final Order and Judgment.  At least seven (7) days in advance of filing the Motion for Final Approval, Plaintiffs will provide Defendants, for Defendants' review and approval, drafts of any memorandum of law submitted in support of the Motion for Final Approval, as well as any other documents that Plaintiffs plan to file with the Court in support of this Motion.  Defendants shall provide Plaintiffs with their revisions to these documents, if any, within three (3) days of the deadline to file the Motion for Final Approval.  If the Parties cannot agree on Defendants' revisions, Defendants may submit competing versions of these documents for the Court's review.

After Final Approval, the Court will have continuing jurisdiction over the Litigation and the Settlement solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration disputes, and (iii) addressing such post-judgment matters as may be appropriate under Court rules or applicable law.

2.6     **Class Notice.**

(A)     Within seven (7) days after the Court's order granting preliminary approval, Defendants will provide the Claims Administrator with a list, in electronic form, of the (1) names, (2) last known addresses, (3) social security and/or ITIN numbers, and (4) dates of employment for each Class Member. This list shall correspond to the list set forth in Exhibit B attached hereto and shall not include any additional individuals. At the same time, Plaintiffs' counsel shall provide the Claims Administrator with any information in their possession regarding updated names, contact information, and/or social security and/or ITIN numbers for any Individual Salary Paid Plaintiff or Class Member with whom Plaintiffs' counsel has communicated directly. Prior to Defendants and Plaintiffs' counsel providing social security and/or ITIN numbers, the Claims Administrator shall confirm in writing that Defendants and Plaintiffs' counsel will be covered under the Claims Administrator's policy of insurance for any exposure or claim relating to any data breach by the Claims Administrator.

(B)     Within fourteen (14) days of the date on which Defendants and Plaintiffs' counsel provide the information set forth in 2.6(A), the Claims Administrator shall mail, via First Class United States mail, postage prepaid, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing and the

Claim Form in the forms appended hereto as Exhibits C and D, including copies of the same translated into Spanish and Hatian Creole, to all Class Members using each individual's last known address as recorded in Defendants' records or more recently confirmed addresses as provided by Class Counsel. The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Member for whom the notice is returned by the post office as undeliverable, including using social security numbers to obtain better address information, and shall attempt re-mailings as described below. Defendants' Counsel and Class Counsel have the right to make reasonable inquiries and receive information from the Claims Administrator related to the claims administration process.

(C)   If any Notices are returned to the Claims Administrator as undeliverable, the Claims Administrator will attempt one re-mailing per Class Member. The Claims Administrator shall, within 3 calendar days after the first mailing of the Notice, notify Class Counsel and Defendants' Counsel of the precise date of the end of the Opt-Out Period.

## 2.7   Class Member Opt-Out.

(A)   Any Class Member may request exclusion from the Class by "opting out." Any Class Member who chooses to do so must mail a written, signed statement to the Claims Administrator that he or she is opting out of the Settlement ("Opt-Out Statement"). The Opt-Out Statement must contain the name, job title and address of the Class Member to be valid. It must also contain the words "I elect to exclude myself from the class settlement in *Diana Corea et al. v. Café Spice {GCT}, Inc., et al.*", in any language, in order to be valid. To be effective, such Opt-Out Statement must be sent via mail and postmarked by a date certain to be specified on the Notice of Proposed Settlement of a Class Action Lawsuit and Fairness Hearing, which will be 60 calendar days after the Claims Administrator mails the Notice. The 60-day period will begin to run from the first mailing. The Claims Administrator shall not attempt more than 2 mailings of the Notice. The end of the "Opt-Out Period" shall be 60 days after the date of the initial mailing. The Claims Administrator shall, within 3 calendar days after the initial mailing, notify Class Counsel and Defendants' Counsel of the precise date of the end of the Opt-Out Period. The same time periods will apply to submission of completed Claim Forms.

(B)   The Claims Administrator shall stamp the postmark date on the original of each Opt-Out Statement and Claim Form that it receives and shall serve copies of each such document on Class Counsel and Defendants' Counsel not later than 3 calendar days after receipt thereof. The Claims Administrator shall, within 24 hours of the end of the Opt-Out Period, send a final list of all Opt-Out Statements and Claim Forms to Class Counsel and Defendants' Counsel. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and Claims Forms and originals of all envelopes accompanying Opt-Out Statements and Claim Forms in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

(C)    Any Rule 23 Class Member who does not properly submit an Opt-out Statement pursuant to this Agreement, will be deemed to have accepted the settlement and the terms of this Agreement and, if said Rule 23 Class Member has submitted a completed Claim Form, will be issued a Settlement Check, which will contain a release of both their FLSA (if applicable) and New York state law claims.

(D)    A Class Member who follows the procedure specified in the Class Notice Approved by the Court to validly "opt out" of the Settlement will not be bound by the Settlement or entitled to receive a Settlement Share.

(E)    Class Members who do not opt out become Affected Class Members.  A Class Member who neither follows the procedure specified in the Class Notice Approved by the Court to validly opt out of the Settlement nor submits a valid Claim Form will automatically become an Affected Class Member, regardless of whether he or she has objected to the Settlement.  Affected Class Members are bound by all terms and conditions of the Settlement.  Affected Class Members release all Released Claims, as explained in Section 3.5 below.

(F)    Defendants shall have the right to revoke this agreement in the event that 10% or more of the Rule 23 Class Members file exclusion forms.

2.8    **Objections to Settlement.**

(A)    Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing.  To be considered, such statement must be mailed to the Claims Administrator by a date certain, to be specified on the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, which shall be 60 calendar days after the Claims Administrator mails the Notice.  The statement must contain the name, job title, address and telephone number of the Class Member to be valid.  It may be written in any language but must also contain the words "I object to the settlement in *Diana Corea et al. v. Café Spice {GCT}, Inc., et al.*" and set forth the reasons for the objection. Any reasons not included in the written objection will not be considered.  The Claims Administrator shall stamp the date received on the original objection and send copies of each objection to Class Counsel and Defendants' Counsel not later than 3 calendar days after receipt thereof.  Class Counsel shall file the date-stamped originals of any and all objections with the Clerk of Court within 10 calendar days after the end of the Opt-Out Period.

(B)    A Class Member who files objections to the settlement ("objector") also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector.  An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections by including the words, "I intend to appear at the Fairness Hearing" in his or her written objection.  An objector may withdraw his/her objections at any time.  No Class Member may raise objections at the Fairness Hearing unless he or she has filed a timely objection that complies with all procedures provided in this section and the previous sections.  Any Class Member who has requested

exclusion may not submit objections to the settlement. A Qualified Class Member's failure to specify his or her objections in writing in conformity with the specified time and procedures set forth herein shall be deemed a waiver of all objections.

(C)    The Parties may file with the Court written responses to any objections no later than 7 calendar days before the Fairness Hearing, or any date ordered by the Court, or may elect to respond to such objections in the motion and brief in support of final approval, or orally at the Fairness Hearing.

2.9    **Motion for Judgment and Final Approval.**  No later than 10 calendar days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval. The Fairness Hearing shall be held at the Court's convenience.

2.10    **Entry of Judgment.**  At the Fairness Hearing, Class Counsel will request that the Court, among other things, (a) finally certify the Class for purposes of settlement, (b) enter Judgment in accordance with this Agreement, (c) approve the settlement as fair, adequate, reasonable, and binding on all Class Members, (d) find that Affected Class members are precluded from pursuing and/or seeking to reopen claims that have been released by this Agreement and dismiss the Litigation with prejudice, subject to the Court's retention of jurisdiction to oversee enforcement of the Agreement (e) incorporate the terms of this Settlement and Release, (f) award Class Counsel fees and costs, (g) order that Defendants transfer all funds due herein to the Settlement Fund according to the schedule set forth herein, (h) order that the Claims Administrator distribute settlement checks from the Settlement Fund according to the schedule set forth herein, (i) order that the amount of any settlement checks that remain uncashed at the end of the Payout Period (or after the date until which any subsequent or replacement checks remain payable, whichever is later) and that are not used to fund the Errors and Omissions Fund will be redistributed to Qualified Class Members who have cashed their checks according to the formula set forth in this Agreement and (j) incorporate the terms of this Agreement.

2.11    **Effect of Failure to Grant Final Approval.**  In the event the Court does not enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, the Parties agree to proceed as follows. The Parties jointly agree to (a) seek reconsideration of the decision denying entry of Judgment, or (b) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. Defendants do not join in Plaintiffs' request for fees, costs or Service Awards, if any. However, Defendants will not oppose Plaintiffs' application for same, or appeal of denial of such items in the event not awarded as requested.   In the event any reconsideration is denied, or a mutually-agreed-upon settlement is not approved:

(A)    The Litigation will proceed as if no settlement had been attempted. In that event, the class certified for purposes of settlement shall be decertified, and Defendants retain the right to contest whether this Litigation should be maintained as a class action and to contest the merits of the claims being asserted by Plaintiffs in this action. In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule and the Parties will immediately seek to appear before the assigned Magistrate Judge

for expeditious determination of Plaintiffs' previously filed motion to compel production of documents (ECF Dkt. 102).

(B) Class Counsel and/or the Court will provide notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement. Such notice shall be mailed by the Claims Administrator via First Class United States Mail, postage prepaid, to the last address used by the Claims Administrator in mailing the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

2.12 **Claims Administrator's Fees.** The Claims Administrator's fees incurred shall be paid from the Settlement Fund. The parties will obtain a quote from the Claims Administrator. The quote will represent the Claims Administrator's estimate, based on the class size and distributions under the terms of this Settlement, of the costs for administration of the terms of this Settlement. All of the Claims Administration Costs shall be paid from the Settlement Amount upon completion of all duties required to be performed by the Settlement Administrator under the terms of this Settlement, or as otherwise agreed to by the Settling Parties or required by the Court.

## 3. SETTLEMENT TERMS

3.1 **Settlement Payment.**

(A) Defendants agree to pay One Million Six Hundred Thousand Dollars and No Cents ($1,600,000.00), which shall resolve and satisfy: (a) Court-approved attorneys' fees and costs; (b) all amounts to be paid to Qualified Class Members and Individual Salary Paid Plaintiffs; (c) Court-approved service payments to Class Representatives and designated opt-in Plaintiffs, if any; and (d) the Claims Administrator's fees.

(B) Other than the employer's share of payroll taxes as described in Section 3.5(B), and the costs of the mediation, Defendants will not be required to pay more than One Million Six Hundred Thousand Dollars and No Cents ($1,600,000.00) under this Agreement. The Employer Portion Payroll Taxes is not included in the Settlement Amount but shall be paid into the Settlement Fund at the same time as the Settlement Amount described above.

(C) Defendants shall make the following payments into an interest-bearing Escrow Account established by the Claims Administrator:

(1) $533,333.33 within 35 days after the Effective Date ("First Installment Payment");

(2) $533,333.33 no later than eighteen (18) months after the Effective Date ("Second Installment Payment"); and

(3) $533,333.34 no later than thirty-six (36) months after the Effective Date ("Third Installment Payment").

Interest, if any, from the interest-bearing escrow account will become part of the Net Settlement Fund and be held by the Settlement Administrator in escrow.

If Defendants fail to comply with the requirements set forth in Section 3.1(A)-(C), Plaintiffs shall provide written notice to Defendants, through Defendants' counsel, of the default. Defendants shall have fourteen (14) days to cure the default. In the event that Defendants do not cure the default within the fourteen (14) day period, Plaintiffs may move upon 14 days written notice to Defendants' Counsel to restore this case to the Court's Calendar for enforcement of this Agreement including entry of judgment against all Defendants for the full settlement amount plus interest minus any payments already made.

3.2 **Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)  Prior to the Fairness Hearing, Class Counsel shall petition the Court for no more than $125,000 as an award of attorneys' fees. In addition, Class Counsel shall also seek reimbursement of actual litigation costs and expenses from the Settlement Fund. Defendants will not oppose such applications.

(B)  The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval. Any monies not approved by the Court become part of the Net Settlement Fund.

(C)  The entire amount of attorneys' fees and costs awarded by the Court to Class Counsel shall be paid to Class Counsel from the Settlement Fund within 14 days of Defendants' first payment into the Settlement Fund as set forth above and prior to the distribution of any other funds to Qualified Class Members and Individual Salary Paid Plaintiffs.

3.3 **Service Awards to Named Plaintiffs and Designated Opt-in Plaintiffs.**

(A)  Defendants will not oppose Service Awards to be paid out of the Settlement Amount in the Settlement Fund to each of the Class Representatives (up to $10,000 per Class Representative) and designated opt-in Plaintiffs (up to $2,000 per designated opt-in Plaintiff) who participated in individualized discovery, in addition to their Individual Settlement Amounts. Only the Class Representatives and designated opt-in Plaintiffs will be entitled to receive a Service Award under this Agreement. The Settlement Administrator shall provide the Named Plaintiffs and designated opt-in Plaintiffs with an IRS Form 1099 with respect to any Service Award.

(B)  If the Court, or an appellate court, denies any portion of the Class Representatives' requested Service Awards, the difference between the requested Service Award and the final Court-approved Service Award shall

become part of the Net Settlement Amount and distributed to Qualified Class Members with the settlement shares applying the same formula set forth herein. Within five (5) days of the entry of any such Court order reducing or denying any amount of the requested Service Awards, Plaintiffs' Counsel shall provide to the Claims Administrator and Defendants' Counsel a recalculation of the Qualified Class Members' settlement share calculations.

(C)     The Service Awards shall constitute special awards to Class Representatives and designated opt-in Plaintiffs and shall not be considered as a payment of overtime, salary, wages, and/or compensation to any individual under the terms of any company benefit plan or for any purpose except for tax purposes as provided in Section 3.5. The receipt of Service Awards shall not affect the amount of, contribution to, or benefit under any company benefit plan.

(D)     Service awards shall be paid in their entirety to Class Representatives and designated opt-in Plaintiffs within 14 days of Defendants' first payment into the Settlement Fund as set forth above and prior to the distribution of any other funds to Qualified Class Members.

(E)     If the Class Representatives' request for service awards are granted in their entirety by the Court, Class Representatives and Defendants shall execute a mutual general release in the form annexed hereto as Exhibit F.

3.4  **Distribution to Individual Salary Paid Plaintiffs and Qualified Class Members.**

(A)  Individual Salary Paid Plaintiffs shall receive the following payments from the Net Settlement Fund for the periods of time during which they were paid on a salary basis:

    (1)  Isaac Runciman   $55,000

    (2)  Laos Cardoso   $45,000

Other than settlement shares owing for any period of time during which one of the above identified individuals was a Rule 23 Class and/or FLSA Collective Member, the Individual Salary Paid Plaintiffs shall not be entitled to any additional payment under this Agreement.  Individual Salary Paid Plaintiffs shall receive the above identified payments in their entirety within 14 days of Defendants' first payment into the Settlement Fund as set forth above and prior to the distribution of any other funds to Qualified Class Members

(B)  Qualified Class Members will be deemed eligible for a payment hereunder.

    (1)  A Qualified Class Member's proportionate share of the Net Settlement Fund shall be determined by the formula set forth below:

        a.  A salary paid truck driver Class Member's share of the Net Settlement Fund shall be determined by the following formula:

            i.  Dividing gross pay in each applicable pay period by the number of hours which the salary was intended to compensate (40) to determine the employee's regular rate of pay for that pay period in accordance with 29 CFR § 778.113;

            ii.  Treating all work hours in excess of 40 as due overtime (at the rate of time and one half of the weekly regular rate of pay) in accordance with 29 CFR § 778.107;

            iii.  For employees whose records of weekly hours worked are unavailable, calculating an average weekly damages total for each salary paid truck driver whose damages are calculated pursuant to the above formula described in paragraphs (1)(a)-(b) and multiplying the average weekly damages amount by the number of weeks worked;

            iv.  The total amount of unpaid overtime wages shall be the Class Member's Individual Settlement Amount for the period of time during which he/she was employed as a salary paid truck driver;

v.     All Class Members who were employed as a salary paid truck driver will be paid a minimum of $100.

b.     A hourly paid Qualified Class Member's share of the Net Settlement Fund shall be determined by the following formula:

i.     Class Counsel will calculate the total aggregate number of workweeks all hourly paid Qualified Class Members worked in positions covered by the Rule 23 Class FLSA Collective definitions during the Class Periods (Weeks in which a hourly paid Qualified Class Member was a member of both the Rule 23 Class Member and the FLSA Collective shall be treated as one week.) This is referred to herein as the "Total Work Weeks Worked".

ii.     Class Counsel will then add one half of the number of workweeks worked by members of the FLSA Collective in positions covered by the FLSA Collective definition during the FLSA Class Period to the Total Work Weeks Worked to arrive at the "Total Adjusted Work Weeks Worked".

iii.     The value of each individual workweek shall be determined by dividing the Net Settlement Fund (minus payments to individual salary paid plaintiffs and salary paid truck driver class members pursuant to Sections 3.4(A) and 3.4(B)(1)(A) above) by the number of Total Adjusted Work Weeks Worked ("Work Week Value").

iv.     The amount to be paid to each hourly paid FLSA Collective Member shall be calculated by multiplying 1.5 times the number of workweeks each member of the FLSA Collective worked in positions covered by the FLSA Collective definition times the Work Week Value.

v.     The amount to be paid to each hourly paid Qualified Class Member who is a member of the Rule 23 Class, but not a member of the FLSA Collective, shall be calculated by multiplying the number of work weeks that Qualified Class Member worked in positions covered by the Rule 23 Class definition during the Rule 23 Class Period times the Work Week Value.

vi.     All Qualified Class Member shall receive at least $100. The total amount of funds necessary to upward adjust Individual Settlement Amounts which are below $100 (based upon the per week methodology set forth above)

shall be evenly deducted from among the Rule 23 Class Members whose Individual Settlement Amounts are above $100.

(C)     Defendants, Class counsel and the Claims Administrator shall exchange such information as is necessary for Class Counsel to calculate Individual Settlement Amounts and for the Claims Administrator to make proper tax withholdings and comply with tax reporting obligations as described in Section 3.5.

(D)     The Claims Administrator shall mail to all Qualified Class Members their distributable shares from the Net Settlement Fund within 15 days of the First, Second, and Third Installment Payments. The Claims Administrator shall use reasonable efforts to make an additional mailing to Qualified Class Members whose checks are returned because of incorrect addresses for each distribution. Such efforts shall include using social security numbers to obtain better address information. Any additional efforts undertaken shall be in the discretion of the Claims Administrator but Class Counsel shall be permitted to monitor and direct such efforts for the purpose of assuring reasonable containment of administration expenses. The Claims Administrator shall not utilize or disclose information received in connection with this Agreement except in connection with executing the terms of this Agreement.

(E)     Affected Class Members may submit their completed Claim Forms at any time within three years from the date of the Fairness Hearing.

(F)     There will be no reversion to the Defendants. The entire Net Settlement Fund will be divided among Qualified Class Members based on the allocation formula set forth in Section 3.4(B) above. After all allocations and corrections of any errors or omissions, the Claims Administrator will redistribute to Qualified Class Members who have cashed their checks any amounts remaining in the Settlement Fund according to the formula set forth herein. Under this reallocation of unclaimed funds, individual Class Members who received a $100 payment as their previously Individual Settlement Amount will receive a share of the unclaimed funds proportional to their actual number of days or weeks worked.

(G)     All payments to Qualified Class Members made pursuant to this Agreement shall be deemed to be paid to such Qualified Class Members solely in the year in which such payments actually are received by Qualified Class Members. It is expressly understood and agreed that the receipt of such Settlement Payments will not entitle any Qualified Class Members to additional compensation or benefits under any of Defendants' bonus, contest or other compensation or benefit plans or agreements in place during the Class Period. It is the intent of this Agreement that the Settlement Payments provided for in the Agreement are the sole payments to be made by Defendants to the Class Members, and that the Class Members are not entitled to any new or additional compensation or benefits as a result of having received the Settlement Payments (notwithstanding any contrary language or agreement in any benefit or

compensation plan document that might have been in effect during the Class Periods).

**3.5    Taxability of Settlement Payments.**

(A)    For tax purposes, all payments to Qualified Class Members and Individual Salary Paid Plaintiffs pursuant to Section 3.4 shall be allocated 25% to alleged back wages and 75% to statutory penalties and liquidated damages. Payments treated as alleged back wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the IRS and the payee under the payee's name and social security or ITIN number on an IRS Form W-2.  Payments treated as statutory penalties and liquidated damages shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security or ITIN number on an IRS Form 1099.  Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without withholding. Class Counsel will receive a Form 1099 for this payment.  Any service payments to Plaintiffs shall be made without withholding and reported to the IRS and the payee under the payee's name and social security or ITIN number on an IRS Form 1099.

(B)    Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to the employer's share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages pursuant to Section 3.5(A). Any such payroll taxes ordinarily borne by the employer shall be paid by Defendants in addition to the Settlement Payment, and shall not be paid out of the Settlement Fund.  Any tax responsibility for the non-wage portion of the payments to Qualified Class Members shall not be Defendants' responsibility.

(C)    Plaintiffs, on behalf of the Classes and each individual member of the Classes, acknowledge and agree that each individual Qualified Class Member will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement (other than taxes specified in Section 3.5(B)). Plaintiffs, on behalf of the Classes and each individual member of the Classes, acknowledge and agree that they have not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Agreement.

**3.6    Release**

(A)    **Release of Class Member Claims.**  Upon the Effective Date (*see* Section 1.15) of the settlement, the Class Representatives and each Class Member who does not timely opt out, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Defendants, their present and former parent companies, subsidiaries, related or affiliated companies and their

respective shareholders, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "Releasees"), from any and all claims for any wage and hour violations occurring during the period of time in which he or she was employed by Defendants in position(s) covered by the Rule 23 Class and/or FLSA Collective definitions under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, spread of hours, minimum wage, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in the Litigation, whether known or unknown, under federal, state, and/or local wage and hour laws through the date of preliminary approval of the settlement.  This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees and costs.  In addition, each Qualified Class Member who cashes a settlement check specifically and affirmatively releases Defendants from any FLSA claims, including those for unpaid minimum wages, overtime wages, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date of preliminary approval of the settlement.

Qualified Class Members will release their claims under the FLSA through the signature line on their Claim Forms and settlement checks, which shall be deemed file with the Court.  All Qualified Class Members shall be issued settlement checks with the following language:

> By endorsing this check, I consent to join the FLSA collective action against Defendants styled *Diana Corea et al. v. Café Spice {GCT}, Inc., et al.* Case No. 18-cv-10354 (the "Litigation") and release Defendants from all wage and hour claims under the Fair Labor Standards Act which have been brought in the Litigation or that could have been brought in the Litigation, including but not limited to wage claims for all time periods during which I was employed in position(s) covered by the Rule 23 Class and/or FLSA Collective definitions through [TO BE INSERTED- the date on which the Court grants preliminary approval], and expressly release any such claims.

The Claims Administrator will provide Class Counsel and Defendants with a photocopy of the front and back of each endorsed check, which Defendants may then file with the Court, if necessary, under the terms of the Court's Order.

(B)     **Release of Individual Salary Paid Plaintiff Claims.** Upon the Effective Date (*see* Section 1.15) of the settlement, each Individual Salary Paid Plaintiff, on his behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Defendants, their present and former parent companies, subsidiaries, related or affiliated companies and their respective shareholders, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "Releasees"), from any and all claims for any wage and hour violations under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, spread of hours, minimum wage, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in the Litigation, whether known or unknown, under federal, state, and/or local wage and hour laws through the date of preliminary approval of the settlement. This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees and costs.

(C)     **Release of Fees and Costs for Settled Matters.** Upon final approval of the settlement agreement, except as provided for in this agreement, Class Counsel and Plaintiffs, on behalf of the Classes and each Class Member,  irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs and the Classes in the Litigation.

(C)     **No Assignment.** Class Counsel and Plaintiffs, on behalf of the Classes and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any interest or claim in this Litigation, or any portion thereof.

(D)     **Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and/or the Classes, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective-action litigation other than for purposes of settlement. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class Members. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or

arbitral proceeding.  The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

**3.7     Miscellaneous**

(A)     **Cooperation Among the Parties; Further Acts.** The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

(B)     **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

(C)     **Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to Plaintiffs and the Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

(D)     **Arm's Length Transaction; Materiality of Terms.**   The Parties have negotiated all the terms and conditions of this Agreement at arm's length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

(E)     **Captions.**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

(F)     **Construction.**   The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.   Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

(G)     **Severability.**  Following the Effective Date, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.  However, if any portion of the Release of Claims provisions in Section 3.6 is held to be unenforceable for any reason by a court of competent jurisdiction in an action commenced by a Rule 23 Class Member or by any other person acting on their behalf, then the Rule 23 Class Member shall return to

Defendants the payment received by the Rule 23 Class Member under this Agreement.

(I)     **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

(J)     **Continuing Jurisdiction.**  The Parties agree that the Mediator Marc Isserles, Esq. shall continue to serve as mediator to attempt to resolve any and all disputes between the Parties relating to the settlement of this Litigation up to the date of submission of the Motion for Preliminary Approval.  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

(K)     **Waivers, etc. to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

(L)     **When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its execution.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.  The failure of one or more Plaintiff to sign this Agreement does not affect its enforceability.

(M)     **Facsimile/Electronic Signatures.**  Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

(N)     **Press Release.** The parties agree to work together, through their counsel, in good faith to develop a mutually acceptable written press release in connection with this settlement agreement.

**(O)**     **No Retaliation.** Defendants will not retaliate against any Class Member for exercising their rights under this Agreement, including, but not limited to, submitting objections, appearing at the Fairness Hearing, or cashing a settlement check or a check for a Service Award.

PLAINTIFFS:

DATED: November 14, 2019      Diana Corea

_Diana Corea._

DATED: November 14, 2019      Sindy Pineda

DATED: November 14, 2019      Isaac Runciman

_ISAAC RUNCIMAN_

DATED: November 14, 2019      Amparo Chauca

DATED: November 14, 2019      Laos Cardoso

DATED: November 14 2019          Juana Cruz

DATED:  November 25, 2019        FOR DEFENDANTS:

                                 Café Spice {GCT}, Inc.

                                 By: _____
                                     Sameer Malhotra
                                 Title: Owner

DATED: November 25, 2019         _____
                                 Sushil Malhotra

DATED: November 25, 2019         _____
                                 Sameer Malhotra

DATED: November 25, 2019         _____
                                 Payal Malhotra

DATED: November 25, 2019         _____
                                 Virgilio Felix

2

BY COUNSEL AS TO FORM:

CLASS COUNSEL

Worker Justice Center of New York

By: _____
Robert McCreanor, Esq.
John Marsella, Esq.
Laura Revercomb, Esq.

Dated: 11 / 14 / 19

DEFENDANTS' COUNSEL

Jackson Lewis P.C.

By: _____
Michael A. Jakowsky, Esq.
Adam S. Gross, Esq.
Lauren A. Parra, Esq.

Dated: 11 / 25 / 19

3

# EXHIBIT A

EXHIBIT A
FLSA COLLECTIVE

## FLSA COLLECTIVE MEMBERS

1.  Diana Corea
2.  Juana Cruz
3.  Amparo Chauca
4.  Sindy Pineda
5.  Guadalupe Belen Gallardo
6.  Oscar Gallardo
7.  Maria Rodriguez
8.  Nolvin Villeda
9.  Jesus Vasquez
10. Mayra Vargas
11. Juan Cruz
12. Ruth Garcia
13. Carlos Perez
14. Rocio Ponce
15. Annette Rodriguez
16. Carlos Alonzo
17. Charless Ladd Stoll
18. Hilse Alonzo
19. Hilse Alvarez
20. Norris Washington Walker
21. Miguel Angel Ramirez-Onofre
22. Vanel Pierre
23. James Anthony Scott
24. Daniel Richardson
25. Jaime Cruz-Nava
26. Roberta Eloge
27. Joseph N. Humphries
28. Barthelemy Dorceus
29. Jermain Blackwell
30. Edelmira B. Rodriguez
31. Berel Olivier
32. James Armstrong
33. Henry Vladimir Santa
34. Duvaghn Joseph Critton
35. Howeel Avila-Pavon
36. Yesenia Mendoza
37. Cesar C. Page

EXHIBIT A
FLSA COLLECTIVE

38. Pedro E. Jaimes-Ruiz
39. Ricot Guerrier
40. Juan C. Guerrero
41. Mario Ticona
42. Kelvin Brown
43. Stephane Herb Morris
44. Maria Gonzalez
45. Victor Michael
46. Ernesto Garcia
47. Maria de la Paz Martinez
48. Jorge Galarza
49. Cathy Willis
50. Jose A. Fuentes
51. Fernando Avila-Salazar
52. Eulyss Bryant
53. Marvin Hall
54. Sugeidi Ojeda
55. Que'Onise Campbell
56. Yuri V. Amador
57. Ronald J. Pacheco
58. Laos Cardoso

# EXHIBIT B

EXHIBIT B
RULE 23 CLASS LIST

1. Abraham, Graciela
2. Acoveno, Robert
3. Acuna, Arnaldo R
4. Acuna, Leonidas
5. Adhikari, Binod
6. Agostini, Melanie
7. Aguado Ruiz, Juan Carlos
8. Aguilar, Carmen
9. Aguilar, Fernando
10. Aguilar, Guadalupe
11. Aguilar, Jose luis
12. Aguilar, Juana
13. Aguilar, Klelian
14. Aguilar, Margie
15. Aguilar, Marlen
16. Aguilar, Morena
17. Aguilar, Ricardo
18. Aguilar, Saira
19. Aguilar, Veronica
20. Aguirre, Carlos
21. Ahumada, Mildred
22. Alarcon, Rosa
23. Alayo, Juan
24. Alazi, Jimmy
25. Alba, Karina
26. Alfonso, Adams
27. Alonso, Osvaldo
28. Alonzo, Ana
29. Alonzo, Carlos
30. Alonzo, Hilse
31. Alvarado, Guadalupe
32. Alvarado, Ximena
33. Alvarez, Delia
34. Alvarez, Hilse
35. Alvarez, Janet
36. Alvarez, Katherin
37. Alvarez, Rodolfo
38. Alyarado, America L
39. Amador, Yuri V
40. Andara, Sherlihg
41. Aparicio, Xiomara
42. Aquino, Ruben
43. Ara, Minaratul
44. Arenas, German
45. Arevalo, Ana
46. Arias, Maria
47. Arita, Ruth
48. Ariza, Yeny
49. Armstrong, James
50. Armwood, Kevin
51. Arrigo, Justine
52. Avalos, Zulma
53. Avila, Fernando
54. Avila, Howel
55. Aviles, Edwin
56. Ayala, Carlos
57. Ayala, Luis
58. Azabache, Jackeline
59. Azabache, Silvana
60. Baca, Jesus M
61. Baez, Glamil
62. Balbuena, Hilario
63. Balbuena, Maricela
64. Ballard, Charles
65. Baltazar, Elizabeth
66. Banegas, Maria
67. Baquedano, Marlon
68. Barraza, Blanca Rosa
69. Barrios Manosalua, Rubis
70. Barros, Yasenis
71. Bass, Embony
72. Bellamour, Elines
73. Bellevue, Immaculee
74. Bello, Jose
75. Bello, Veronica
76. Berdugo, Gerardo
77. Bernard, Cassandra
78. Blacknall, Damon
79. Blackwell, Jermaine
80. Blain, Woodeline Vital
81. Blue, Henry
82. Bolorin, Angel
83. Bon, Elvia
84. Borbor, Jhonn F
85. Borrego Gonzalez, Virginia
86. Bravo, Jonathan
87. Brevil, Solanje
88. Brinson, Alvin
89. Broda, Todd
90. Brown, Bryan D
91. Brown, Danny
92. Brown, Javonte

EXHIBIT B
RULE 23 CLASS LIST

93. Brown, Kelvin A
94. Browr, Kadian
95. Bryant, Eulyss
96. Bryant, Vincent P
97. Buffone, Dina
98. Bustamante, Carlos
99. Bustamante, Rosa
100. Bustillo, Danelia
101. Bustillo, Wilfredo
102. Caballero, Angel C
103. Cabrera, Elsa
104. Cadena, Esmeralda
105. Cadet-Sam, Annita
106. Campbell, QueOnise
107. Campos, Kerlin
108. Cantillo, Karen
109. Capeles, Jose
110. Cardenales, Glehivin M
111. Cardoso, Laos
112. Carranza, Carlos Joel
113. Carrera, Pedro
114. Carrillo, Angelica
115. Casas, Wilmar
116. Casillas, Melanie
117. Cassius-Linval, Marcanthony
118. Castano Fernandez, Antonio Jose
119. Castano, John A
120. Castellon, Sandra
121. Castillo, Natasha
122. Castillo, Roberto
123. Castillo, Shirley
124. Castro, Jose Ricardo
125. Castro, Walter
126. Celedon Lillo, Sergio Alex
127. Cera, Jaime Alberto
128. Chacon, Mayra
129. Changra, Miguel
130. Chavez, Alba
131. Chero, Jose
132. Cienfuegos-Mejia, Vanessa D.C
133. Clark, Anthony
134. Clark, Tyneisha T
135. Clemmons, Darius
136. Colon, Allen
137. Colon, Joshua G C
138. Colon, Luis A

139. Colon, Marta
140. Condor, Elizabeth
141. Contreras Hernandez, Jenny Desire
142. Contreras, Luis
143. Cordero, Noel
144. Corea, Diana M
145. Correa, Miriam
146. Cortes, Rosalia
147. Cotton, Darryl
148. Critton, Duvaghn J.
149. Cruz, Agueda
150. Cruz, Almadelia
151. Cruz, Columba
152. Cruz, David
153. Cruz, Horacio
154. Cruz, Jaime
155. Cruz, Jose
156. Cruz, Juana
157. Cruz, Juvenal
158. Cruz, Manuel
159. Cuacuas, Arturo
160. Cueto, Cedrith
161. Cummings, Quiahjah
162. Davila, Hector
163. De Dios, Marco A
164. De Freece, Howard W
165. De La Hoz, Luz
166. De la Rosa, Christian G
167. De Leon, Mariangel
168. De Leon, Noemy
169. De Los Santos, Jose
170. De Los Santos, Julio
171. De los Santos, Mario
172. Dedios, Lucero
173. Denisi, Orlando
174. Dessant, Callie
175. Destra, Marie Maude
176. Dias, Richard
177. Diaz, Steven
178. Diaz Rodriguez, Abimarie
179. Dieufranc, Mathieu
180. Diquattro, Vicenzo
181. Dissanayka, Malith Cheran
182. Domingue, Paul
183. Dominguez, Angelina
184. Dominguez, Ulyses

EXHIBIT B
RULE 23 CLASS LIST

185. Dorceus, Barthelemy
186. Dubose, Corey
187. Dueñas, Victor
188. Dugand, Jose
189. Dutta, Malay
190. Edoward, Alex
191. Edwards, Trevor
192. Elan, Francoise C
193. Elera, Yaccin
194. Elgueda, David
195. Eloge, Roberta
196. Enriquez, Alex Alberto
197. Enriquez, Salomon
198. Escobar, Abril
199. Espana, Olga
200. Espinal, Juana
201. Espinoza Chavarria, Antonio
202. Espinoza, Elizabeth
203. Espinoza, Miguel
204. Estimable, Stephen
205. Evans, Agustina
206. Evans, Rondell
207. Exantus, Raymonde
208. Fanelli, Joseph
209. Febres, Astrid
210. Febres, Cesar
211. Febres, Silvana
212. Fernandez Portillo, Jeny
213. Fernandez, David
214. Ferrara, Lourdes
215. Ferrari, Juan M
216. Ferrell, Shannon L
217. Fiesco, Carlos
218. Flores, Claudia
219. Flores, Daisy
220. Flores, Edwin
221. Flores, Raul
222. Flores, Roberto
223. Flores, Samuel
224. Flores, Yaneth
225. Ford, Gloria
226. Ford, Richard
227. Fordyce, Kirk W
228. Fuentes, Elvis

229. Fuentes, Jose A
230. Galarza, Jorge L
231. Galdamez, Dolores
232. Galeano, Carlos
233. Gallardo, Guadalupe[1]
234. Gallardo, Guadalupe B
235. Gallardo, Oscar
236. Gallardo, Raymundo
237. Gallardo, Rosendo
238. Galvez, Reginaldo
239. Gantt, Teranisha
240. Garabito, Richard
241. Garcia, Alineth I
242. Garcia, Celia
243. Garcia, Erika
244. Garcia, Ernesto
245. Garcia, Felipe[2]
246. Garcia, Juan
247. Garcia, Judy
248. Garcia, Oscar
249. Garcia, Ruth
250. Garcia, Veronica
251. Garin, Luisa
252. Gaspar, Bladimir
253. Gaspar, Jose
254. Gaspar, Maribel
255. Gibson, Jhordinn
256. Gil Lopez, Luis David
257. Gil Marin, Lucila
258. Giron, Gonzalo
259. Gomez, Alejandra
260. Gomez, Diana
261. Gomez, Leticia
262. Gonzales, Giovanna
263. Gonzalez, Maria
264. Gonzalez, Ruben
265. Guachichulca, Carlos
266. Guaillas, Lourdes
267. Guardia, Luz
268. Guerrero, Carlos
269. Guerrero, Edgardo
270. Guerrero, Juan
271. Guerrero, Wilmenes
272. Guerrido, Juan

[1] Employed in position(s) covered by Rule 23 Class definition from November 12, 2012 through June 2013.

[2] Employed in position(s) covered by Rule 23 Class definition from November 12, 2012 through December 2014.

EXHIBIT B
RULE 23 CLASS LIST

273. Guerrier, Ricot
274. Guevara, Angel
275. Guevara, Erica Patricia
276. Guevara, Luis David
277. Guevara, Yaquelin
278. Guifarro, Martha
279. Gusman, Magaly
280. Gutierrez, Bertha
281. Gutierrez, Lizzette
282. Gutuerrez, Willingtong
283. Guzman, Carlos
284. Guzman, Dalila
285. Hall, Marvin
286. Harris, Robert
287. Hart, Jason
288. Hassell, John
289. Hathurusinghe, Chamika L
290. Hawkins, Tavon A
291. Hays, Tami
292. Henry, Isaac
293. Heredia, Ruddy
294. Hernandez Vasquez, Maria
295. Hernandez, Adelaida
296. Hernandez, Alejandra
297. Hernandez, Ariana
298. Hernandez, Ballardo
299. Hernandez, Cesar
300. Hernandez, Diana
301. Hernandez, Dilcia
302. Hernandez, Eric
303. Hernandez, Jessica
304. Hernandez, Jose
305. Hernandez, Rina
306. Herrera Castillo, Martha
307. Herrera, Alicia
308. Herrera, Angel
309. Herrera, Ismael Fernando
310. Herring, Devon
311. Hickey, Christopher
312. Hill, Nicole
313. Hollins, Shawn F
314. Holly-Forestal, Maryse
315. Holmes, Rayshon
316. Huerta, Franco

317. Humphries, Joseph
318. Immacula, Michel
319. Infante, Modesto
320. Isaa, Fernando
321. Jackson, Jaquan
322. Jaimes, Pedro E
323. Jandres, Edwin Parrish
324. Jeanty, Kervin
325. Jemerson, Robert
326. Jesus, Juan J
327. Jeune, Jeanne
328. Jeune, Lydia
329. Jimenez, Elizabeth
330. Jimenez, Leonarda
331. Johnson, Christopher
332. Johnson, Jamel
333. Johnson, Trista
334. Jones, Tyrek
335. Juarez, Dennis G.
336. Juarez, Jose
337. Judge, Pernell R
338. Julien, Marc-Darling
339. Kaur, Paramjeet
340. Kumara, Vijitha
341. Lachaud, Ange Mary
342. Lafleur, Natacha
343. LaPorta, Joyce
344. Lau, Oscar
345. Lawrence, Javon
346. Lazaro, Mayra[3]
347. Lembhard, Basil
348. Leonor, Veronica
349. Letang, Marie
350. Lewis Jr., Thomas
351. Lewis, Joseph
352. Lima, Ernesto
353. Liyanagunawardhana, Suhara S
354. Lopez Torres, Luis Daniel
355. Lopez, Daniel
356. Lorrain, Jose
357. Louinis, Jean
358. Louissaint, Yolette
359. Louissant, Pedro
360. Lugo, Edgar

---

[3] Employed in position(s) covered by Rule 23 Class definition
from November 12, 2012 through December 2015.

EXHIBIT B
RULE 23 CLASS LIST

361. Luna, Alejandro I
362. Luna, Luis Michael
363. Luna, Reyna
364. Machuca, Juan
365. Magdala, Joseph
366. Marela, Yorleni
367. Marin, Eliana
368. Marin, Gloria
369. Marin, Jairo
370. Marin, Leticia
371. Marriaga, Ana
372. Martinez, Carlos
373. Martinez, Darwin
374. Martinez, Daylin
375. Martinez, Emmanuel
376. Martinez, Gustavo
377. Martinez, Inocencio
378. Martinez, Isabella
379. Martinez, Jesus
380. Martinez, Jorge
381. Martinez, Juan
382. Martinez, Kelsey J
383. Martinez, Maria
384. Martinez, Sandra
385. Marzal, Jose
386. Marzal, Magaly
387. Matta, Dylan
388. Maxwell, Wyman
389. Maza, Nelson
390. Maza, Nerlys
391. MCallister, Matthew
392. McCormick, Daniel P.
393. McEachin, Donnell
394. McLean, Alton
395. McNeil, Samad A
396. Medina, Jean
397. Medina, Vilmer
398. Medrano, Alexander
399. Mejia, Balois
400. Mejia, Georgina
401. Mejia, Jessy
402. Mejia, Jose
403. Mejia, Karen
404. Mejia, Karen Yarleny

405. Melara, Silvia
406. Melvin, Navada
407. Mendez, Dina
408. Mendez, Ofelia
409. Mendez, Veronica
410. Mendoza, Franco
411. Mendoza, Lesly
412. Mendoza, Yesenia
413. Meneses, Richard M
414. Menjivar, Yeny[4]
415. Mera, Jose
416. Michael, Victor
417. Millan Herrera, Javier Enrique
418. Mims, Kenneth
419. Minaya, Gary
420. Miranda, Guadalupe
421. Molina, Susana
422. Mondragon, Leonel
423. Monroe, Jamal
424. Montano, Salvador
425. Montaque, Daniel
426. Morales Ramirez, Gregorio
427. Morales, Carlos
428. Morales, Delmis
429. Morales, Elizabeth
430. Morales, Ingrid
431. Moreno, Ivan
432. Moreno, kenny
433. Morgan, Pierris
434. Morival, Marie Venette
435. Morlant Desormeaux, Carole
436. Morris, Stephane
437. Mullins, Robert
438. Munoz, Ofir
439. Muzalier, Ricolson
440. Najarro, Herminia
441. Najera, Alvaro
442. Najera, Mariella
443. Nava, Ivan
444. Nelson, Victor C
445. Newkirk, Leon
446. Nieto, Edwin
447. Noel, Enrico
448. Nole, Nilton

---

[4] Employed in position(s) covered by Rule 23 Class definition
from March 3, 2013 through May 2017.

EXHIBIT B
RULE 23 CLASS LIST

449. Nunez, Juan
450. Oates, John
451. O'Brien, Alphio
452. Ochoa, Ruby A
453. O'Gorman, Brendan
454. Ojeda, Sugeidi
455. Olivero, Carlos
456. Olivier, Berel
457. Omar, Sampson J
458. Omare, Flora Mushi
459. Orozco, Lucelis
460. Orozco, Maryori
461. Ortega, Damaris
462. Ortega, Francisco
463. Ortega, Jose
464. Ortega, Rafael
465. Ortiz Ramirez, Chayanne
466. Ortiz, Alfonso
467. Ortiz, Judith
468. Ortiz, Lorraine
469. Osorio, Alejandra
470. Ovedo Guillen, Cynthia
471. Owens, Steven
472. Pablo, Sixto Edgar
473. Pacheco, Ronald
474. Padilla, Ken
475. Pagan, Jose
476. Page, Ceasar C
477. Pagnotta, Daniel
478. Palma, Saikot F
479. Palomino, Amparo
480. Pardave, Juan
481. Paris, Deveze
482. Patterson, Charles
483. Paul, Marie C
484. Paz, Oscar
485. Paz, Sindy
486. Peellawaththe, Chandika
487. Pele, Elan
488. Peña Cruz, Juan
489. Pena, Gisela
490. Peña, Juan
491. Perez, Carlos (Ivan Perez)
492. Perez, Eden
493. Perez, Edgardo
494. Perez, Ivan L

495. Perez, Wilian
496. Perkins, Gerard L
497. Perry, Ronald
498. Petitfrere, Marie
499. Piciocco, Kelly
500. Pierre, Clara
501. Pierre, Eddy
502. Pierre, Rodney
503. Pierre, Vanel
504. Pimentel, Francisco
505. Pineda, Blanca
506. Pineda, Carlos
507. Pineda, Sindy
508. Polk, Arthur L
509. Polk, Stephen D
510. Ponce, Rocio
511. Portillo Sanchez, Neidy A
512. Powers, Mark
513. Proctor, Louis
514. Prudencio, Florencia
515. Quinn, Brandon
516. Quintana, Ronald
517. Quispe, Roberto
518. Ramirez Munoz, Maria
519. Ramirez Villatoro, Ilder
520. Ramirez, Bedford
521. Ramirez, Carlos
522. Ramirez, Enrique
523. Ramirez, Luis
524. Ramirez, Manuel
525. Ramirez, Mario
526. Ramirez, Miguel
527. Ramirez, Morena
528. Ramirez, Ruben
529. Ramirez, Salvador
530. Ramos, Arnaldo
531. Ramos, Elia
532. Ramos, Marcos
533. Ramos, Miguel
534. Rana, Chirag Bharatbhai
535. Reed, Leon
536. Reyes, Juan
537. Richardson, Daniel
538. Riera, Mercy
539. Rios, Maria Esmeralda
540. Rivera Martinez, Ezequiel A

EXHIBIT B
RULE 23 CLASS LIST

541. Rivera, Alma
542. Rivera, Ashley M
543. Rivera, Carminda
544. Rivera, Luis
545. Rivera, Mishell
546. Rivera, Nolvin
547. Rivera, Ricardo A
548. Rivers, Tomeshia
549. Roberts, Julio
550. Robinson, Domonick
551. Roca, Joseph
552. Rodriguez, Alex
553. Rodriguez, Ana
554. Rodriguez, Annette
555. Rodriguez, Carla
556. Rodriguez, Edelmira
557. Rodriguez, Frankie H
558. Rodriguez, Jeremy T
559. Rodriguez, Jose
560. Rodriguez, Juan
561. Rodriguez, Krissty
562. Rodriguez, Maria
563. Rodriguez, Raquel
564. Rodriguez, Rosa
565. Rojas, Gonzala
566. Rojas, Lizabel
567. Romero, Alberto
568. Romero, Enrique
569. Rosales, Agustine
570. Rosales, Julie
571. Rosales, Kevin
572. Rosales, Sonia
573. Rosario, Soraya
574. Rosas, Javier
575. Rose, Dorothy A
576. Runciman, Luis
577. Saez, Ariadna[5]
578. Salazar, Francisco
579. Salazar, Natividad
580. Saldarriaga Luey, Brigette
581. Samuels, Lawrence A
582. Sanchez, Donovan
583. Sanchez, Jose
584. Sanchez, Luis

585. Sanchez, Philix
586. Sanchez, Shannon
587. Sanchez, Simon
588. Sandoval, Mario
589. Sandoval, Omar
590. Sandoval, Rosa
591. Sanjuan, Sofia
592. Sanon, Josette L
593. Santa Cruz, Anderson
594. Santana, Henry
595. Santiago, Luis
596. Santos, Juan
597. Santos, Oscar Manuel
598. Sarabia, Blanca
599. Scott, James
600. Seballos, Nelson
601. Serrano, Veronica
602. Shah, Daxa Paresh
603. Silva, Eloisa
604. Sims, Raymond
605. Solano, Julio M
606. Solis, Adolfo
607. Solis, Johanna M
608. Solis, Miriam
609. Solis, Rita
610. Soto, William S
611. Staples, Dajon
612. Staples, Julius I
613. Stevens, Robert Lee
614. Stoll, Charles
615. Suares, Jonny
616. Surfin, Martino Rousvel
617. Sylvester, Andrew
618. Tart, Terence
619. Tavares, Ariel
620. Thelot, Francois
621. Thelot, Lala
622. Theodore, Vastie
623. Thiessen, William
624. Thomas, Daniel
625. Ticona, Angelica
626. Ticona, Mario
627. Toribio, Carlos
628. Torres, Alejandra Maria

---

[5] Employed in position(s) covered by Rule 23 Class definition
from November 12, 2012 through June 2013.

EXHIBIT B
RULE 23 CLASS LIST

629. Torres, Lucia
630. Torres, Sixto
631. Trochez, Edgar
632. Trujillo Lopez, Andrea
633. Trujillo, Miguel
634. Ufret, Ryan J
635. Ulloa, Ana
636. Utria, Marcelo
637. Valencia, Ignacio
638. Valenica Rangel, Ricardo
639. Valenzuela, Enrique
640. Valenzuela, Juan
641. Valero, Olga
642. Valle Gutierrez, Marco
643. Vallecillo, Joel
644. Vargas, Mayra
645. Vargas, Silvana
646. Vasquez, Jaime
647. Vasquez, Jesus
648. Vasquez, Leila Aguilar
649. Vasquez, Lizbeth
650. Vasquez, Vanessa
651. Vazquez, Cruz
652. Vazquez, Israel
653. Vazquez, Jasmine
654. Vazquez, Luis
655. Vazquez, Maricela
656. Vega, Dinorah
657. Velasquez, Angie
658. Velcime, Marlene
659. Velcime, Myrlande
660. Velez, Miguel
661. Vidals, Miguel
662. Villafranca, Marcos
663. Villalobo, Daniel
664. Villatoro, Hector
665. Villeda, Nolvin
666. Vizcarrondo, Maria
667. Walker, Kaheem
668. Walker, Norris W
669. Whitted, Donald L
670. Wieners, Anthony
671. Williams, Damien
672. Williams, Dustin M
673. Williams, Tasha
674. Williams, Will

675. Williams, Willie
676. Willis, Cathy A
677. Wilson, Brian
678. Wixon, Elizabeth
679. Zambrano, Veronika
680. Zapata, Edith
681. Zapateiro, Carlos
682. Zapateiro, Edgardo
683. Zapotitla Alvarado, Roberto
684. Zarate, Nadia
685. Zavala, Gina
686. Zgrodek, Jason
687. Zoe, Gil

# EXHIBIT C

<u>UNITED STATES DISTRICT COURT FOR THE</u>
<u>SOUTHERN DISTRICT OF NEW YORK</u>

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

# NOTICE OF CLASS ACTION SETTLEMENT

To [NAME]:

A settlement has been reached in the case of *Diana Corea et al v. Café Spice {GCT}, Inc. et al.,* No. 18-cv-10354, which will affect your rights.  Enclosed is a claim form allowing you to receive money from the settlement in this case. Under the terms of the settlement, if it is approved by the Court and you have submitted a completed claim form, you will be mailed settlement payment(s) after the time period for any appeals (and extensions of time for appeals) has expired or any appeals are resolved, and will release all of your claims against Café Spice Café Spice {GCT}, Inc. a/k/a Café Spice Inc. a/k/a Café Spice Global Cuisine a/k/a Zaika Flavors of India; Sushil Malhotra; Sameer Malhotra; Payal Malhotra and Virgilio Felix (collectively "Defendants" or "Café Spice")) related to violations of state and federal wage and hour laws.  This settlement does not release other claims you may have against Café Spice that are outside the scope of the release described in Appendix A of this notice.  Your gross settlement payment is estimated to be approximately **$ <<settlement amount>>** less tax withholding as explained in Section 6 below.

If your address has changed or will change in the next several months, you will need to provide your updated contact information to the Claims Administrator at the address below in Section 7.

# YOUR OPTIONS

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT AND RECEIVE A PAYMENT** | If you wish to settle your claims and receive a payment, you must fill out and return the enclosed Claim Form. If the Court grants final approval of the settlement, you will receive a payment in the mail. |
| **EXCLUDE YOURSELF** | You may exclude yourself by following the process described in Section 9 to opt out of the settlement class.  By excluding yourself, you give up any right to receive a payment from this settlement.  If you exclude yourself, you are not bound by the settlement and do not release any claims against Café Spice. |
| **OBJECT** | Write to the Court (via the Claims Administrator) to object to the settlement, or any part thereof.  Objections must be mailed to the Claims Administrator by First-Class United States Mail, postage |

| | prepaid, and post-marked by [DATE 60 days from notice mailing] and be received by no later than [20 days before fairness hearing], as detailed below. |
|---|---|
| **GO TO THE HEARING TO SPEAK ABOUT YOUR OBJECTION** | The Court will hold a hearing (the fairness hearing) as explained below to decide whether to approve the settlement.  You may attend the hearing to speak to the Court about any objection you have to the settlement, but only if you make a written objection first in accordance with Section 10 below and state in your objection that you would like to speak at the hearing about your objections. |

# BASIC INFORMATION

## 1. What is the purpose of this notice?

The Court has ordered that this Notice be sent to you because you worked as an hourly paid manual laborer or salary paid truck driver for Café Spice between November 7, 2012 and September 23, 2019.  The purpose of this Notice is to inform you of your rights and options **and the deadlines to exercise them** under the terms of the settlement agreement. The Court still has to decide whether to grant final approval to the settlement. Payments will be made only if the Court approves the settlement and after any appeals are resolved.

The information provided in this Class Notice is only a summary.  The terms of the Settlement Agreement are the binding terms of this settlement, and all such terms and releases (for class members who do not opt out) are explained in the Settlement Agreement that is on file with the Court and available from the Claims Administrator or Class Counsel (see Section 17 below).  If the settlement is not approved by the Court or does not become final for some other reason, Plaintiffs' case against Café Spice will continue.

## 2. What is this Lawsuit about?

Named Plaintiffs Diana Corea, Juana Cruz, Sindy Pineda, and Amparo Chauca brought this action on behalf of themselves and other current and former hourly paid manual laborers at Defendants' New Windsor plant as a Class and Collective Action Complaint, against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL") for improper wage deductions, unpaid spread of hours, unpaid minimum wages, unpaid overtime wages, notice and wage statement damages, liquidated damages, pre-judgement interest, and attorneys' fees and costs.  Individual Plaintiffs Isaac Runciman and Laos Cardoso also allege that Defendants intentionally misclassified them as "exempt" from the overtime protections of the FLSA and NYLL during the period of time that they performed manual labor at Defendants' plant and were paid on a salary basis.  Café Spice denies the allegations in the lawsuit and maintains that all of their employees were properly paid.

The lawsuit is known as *Diana Corea et al. v. Café Spice, {GCT}, Inc. et al* No. 18-cv-10354 (S.D.N.Y.), and it is pending in the United States District Court for the Southern District of New York ("the Court").

**3. What is a class action?  Who is in the class?**

In a class action, one or more individuals, called Class Representatives, sue on behalf of themselves and other employees who they believe have the same or similar claims.  In a class action, one court resolves all related issues for these individuals, except for those who decide to exclude themselves from the Class, as explained in Section 9 below.

You are a Class Member if you were employed by Café Spice as an hourly paid manual laborer or salary paid truck driver in or at the company's New Windsor plant between November 7, 2012 and September 23, 2019.

**4. Why is there a settlement?**

The Court did not decide in favor of the Plaintiffs or Café Spice.  Both sides believe they would have prevailed had the case proceeded, but instead of continuing litigation, both sides agreed to a settlement. That way the parties avoided the burden, expense, and uncertainty of continued litigation and possible appeals. The Named Plaintiffs and Class Counsel think the settlement is in the best interest of the class in light of these risks.

Similarly, Café Spice has chosen to settle to resolve this case against it, and to avoid the burden, expense, and uncertainty of continued litigation and possible appeals.  Café Spice does not admit any liability or wrongdoing by entering into this settlement.

# THE SETTLEMENT BENEFITS - WHAT YOU GET

**5. What does the settlement provide?**

Defendant has agreed to pay a total of **$1,600,000**.  This amount will be used to pay settlement payments to the Class Members, settlement payments to individual plaintiffs who have asserted claims not related to other Class Members, attorneys' fees and costs, any approved Service Awards to the Named Plaintiffs and opt-in Plaintiffs who participated in individualized discovery, and the cost of administering the settlement. Each Class Member who does not opt out and who submits a completed Claim Form will receive a share of the settlement based on a formula approved by the Court. The formula will be based on the number of weeks you worked in a class role and consider whether you filed a consent to sue form in this case prior to the date on which the parties reached a settlement agreement. All Class Members who submit Claim Forms will receive at least $100.

Plaintiffs will also ask the Court to approve Service Awards for the Named Plaintiffs and opt-in Plaintiffs that participated in individualized discovery to compensate them for initiating the Litigation, performing work in support of, or otherwise participating in, the Litigation, and undertaking the risk of harm to their career and reputation.

After attorneys' fees and costs, Services Awards, and the costs of administering the settlement are deducted from the settlement, it is expected that at least approximately $1,200,000 will remain to be distributed among the Class Members as the "Net Settlement Amount."

If the Court approves the settlement, all Class Members who do not opt out of the settlement in accordance with the procedure described below will be deemed to have released all wage and hour claims against Café Spice in accordance with the provisions of the settlement agreement and the release language in Appendix A of this Notice, even if they do not submit completed Claim Forms or cash, sign, endorse, deposit, or otherwise negotiate their settlement check(s). This means that you cannot sue Café Spice for any of the claims covered by the release if you do not opt out of the settlement.  The settlement does not resolve or release any other claims against Café Spice that are outside the scope of the release listed in Appendix A of this Notice.  Full details about the release and the complete language of the release are included in the Settlement Agreement, which is available from the Claims Administrator or Class Counsel (see Section 17 below).

Individuals who do not submit claim forms within three years from the date of the fairness hearing or cash their funds within three months from the last payout date will have their funds distributed to the Class members who have not opted out and who have cashed their checks.

### 6. How much will my payment be?

Based on the formula in the settlement agreement, your gross settlement share is estimated to be approximately **$ <<settlement amount>>**.  25% of your settlement payment will be treated as wages with taxes withheld and will be reported to the IRS and state taxing authorities on a W-2 form.  The other 75% will be treated as non-wage income and will be reported to tax authorities on IRS Form 1099.  If you submit a completed Claim Form, your settlement amount will be paid to you in three installments over the course of approximately three years (the "payout period").  At the end of the payout period, any unclaimed settlement funds will be redistributed to Class Members who timely submitted completed Claim Forms according to the formula set forth in the Settlement Agreement.

# HOW YOU GET A PAYMENT

### 7. How can I get my payment?

If you wish to receive a distribution from the settlement fund, you must complete and return the attached Claim Form.  If the Court grants final approval of the settlement (and any appeals are resolved), you will receive check(s) in the mail. If your address is different than the address to which this notice was mailed or is expected to change in the next several months, please complete indicate your correct address on the enclosed Claim Form.  Completed Claim Forms should be sent to the Claims Administrator at:

[INSERT].

### 8. When will I get my settlement payment?

The Court will hold a fairness hearing on **[INSERT DATE]** at **[INSERT TIME]** to decide whether to grant final approval of the settlement.  If the Court approves the settlement, the settlement will become final when the time period for any appeals has expired (and extensions of time for seeking to appeal have expired) or any appeals are resolved, and your first payment will be mailed to you within **[XX INSERT 14 DAYS + 60 XX]** of the Court's approval order. You will receive another payment approximately 18 months later and a final payment after approximately 36 months after your first payment.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If (i) you want to maintain your potential right to sue Café Spice on your own about the legal issues in this case and/or (ii) you do not want to accept the settlement share described in this notice, then you must exclude yourself from the class.  The process of excluding yourself is also referred to as "opting out."

### 9.  How do I exclude myself from the settlement?

To exclude yourself from the settlement, you must send by First Class U.S. mail a written, signed statement to the Claims Administrator that includes your name, address, and telephone numbers and states, words "I elect to exclude myself from the class settlement in *Diana Corea et al. v. Café Spice {GCT}, Inc., et al.*". To be effective, your opt-out statement must be postmarked no later than **[INSERT DATE 60 DAYS FROM DATE OF MAILING OF NOTICE]** and must be mailed to:

**[INSERT CLAIMS ADMINISTRATOR ADDRESS]**

If you ask to be excluded from the settlement, you will not receive a settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue the Defendant in the future. Any such claim may need to be filed within strict legal time limits, which you must determine.

# OBJECTING TO THE SETTLEMENT

If you remain in the class, you can tell the Court that you agree with the settlement, or that you do not agree with the settlement or some part of it.

### 10.  How do I tell the Court that I object to the settlement?

You can object to the settlement by submitting a written objection if you do not agree with the settlement or some part of it. You must give reasons why you think the Court should not approve it. To be considered, your objection must be mailed to the Claims Administrator (contact information listed below), by First Class United States Mail, postage prepaid, and postmarked no later than **[INSERT DATE 60 DAYS FROM THE DATE CLAIMS ADMINISTRATOR MAILS THE NOTICE or by such other date as may be ordered by the Court]** and must be received by the Settlement Administrator no later than **[TWENTY DAYS PRIOR TO FAIRNESS HEARING]**.  The objection must include all reasons for your objection.  Any reasons

not included in the objection will not be considered. The statement must also include the name, home address, and telephone number for the Class Member making the objection. Any Class Member who does not specify his or her objections in writing within the specified time and procedures shall be deemed to have waived all objections and shall not be permitted to make objections to the settlement now or on appeal. The settlement will nonetheless be fully binding on them if final approval is granted.

[INSERT CLAIMS ADMINISTRATOR CONTACT INFO]

| |
|---|
| **11.  What is the difference between objecting to the settlement and excluding myself from it?** |

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you do not exclude yourself from the class. Excluding yourself is telling the Court that you do not want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE LAWYERS REPRESENTING YOU

| |
|---|
| **12. Do I have a lawyer in this case?** |

Yes. The Court has determined that the lawyers at the Worker Justice Center of New York 9 Main Street Kingston, NY 12401 are qualified to represent you and all of the other Class Members as "Class Counsel" in this lawsuit. More information about the law firm, their practices, and their lawyers' experience is available at www.wjcny.org or you may call the firm at 845-331-6615.

You may also enter an appearance through your own lawyer if you choose. If you do hire your own lawyer, you will be responsible for paying him or her.

| |
|---|
| **13. How will the lawyers be paid?** |

The Named Plaintiffs have entered into a retainer agreement with Class Counsel. In class action cases, it is common for Courts to approve allocation of up to one-third (33.33%) of the settlement amount for attorneys' fees. However, Class Counsel has agreed to seek approximately 8% of the fund (or $125,000) plus costs of $**[INSERT COSTS]** for their work in the case. The fees will compensate Class Counsel for their time investigating the facts, litigating the case, and negotiating the settlement, along with bearing the risk that the case might never succeed and they would be paid nothing, and for conferring a benefit upon all Class Members.

# THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend the hearing. You may also speak at the hearing if you have previously timely filed a written objection in which you have stated your intention to speak.

**14. When and where will the Court decide whether to approve the settlement agreement?**

The Court will hold a fairness hearing at **[INSERT TIME]** on **[INSERT DATE]** at the United States District Court for the Southern District of New York, Charles L. Brieant Jr. Federal Building and Courthouse Southern District of New York 300 Quarropas Street White Plains, NY 10601-4150 before Judge Kenneth M. Karas in Courtroom **[INSERT COURTROOM].**

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate, and will also consider the request for Service Awards and attorneys' fees and costs. If anyone has submitted any objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the settlement.

**15. Do I have to come to the fairness hearing?**

No, Class Counsel will represent you at the hearing to speak in favor of the settlement. Of course, you are welcome to attend (at your own expense) if you so desire. The Court will consider any written objections received in a timely manner, even if the individual who sent in the objection does not appear at the fairness hearing. You may also pay to have your own, different, lawyer to attend the fairness hearing. You will be solely responsible for the fees and costs of your own attorney, should you choose to hire one.

**16. May I speak at the fairness hearing?**

You may ask the Court for permission for you and/or your personal attorney to speak at the fairness hearing if you have previously timely filed a written objection. If you file an objection and wish to appear and speak at the fairness hearing, you must state your intention to do so in writing as part of your written objection, and failure to so specify that you wish to speak will be deemed a waiver of your right to speak.

# GETTING MORE INFORMATION

**17. Are there more details about the settlement?**

You can obtain more information about the settlement or obtain a copy of the Settlement Agreement by contacting the Claims Administrator at:

[INSERT]

You may also contact Class Counsel at:

Worker Justice Center of New York
9 Main Street
Kingston, NY 12401

(845) 331-6615
rmccreanor@wjcny.org

**APPENDIX A**

Even if you do not submit a completed claim form or cash, sign, endorse, deposit, or otherwise negotiate your settlement check(s), you forever and fully release and discharge Defendants, their present and former parent companies, subsidiaries, related or affiliated companies and their respective shareholders, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "Releasees"), from any and all claims for any wage and hour violations occurring during the period of time in which you were employed by Defendants in position(s) covered by the Rule 23 Class and/or FLSA Collective definitions under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, spread of hours, minimum wage, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in the Litigation, whether known or unknown, under federal, state, and/or local wage and hour laws through the date of preliminary approval of the settlement.  This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees and costs.  In addition, each Qualified Class Member who cashes a settlement check specifically and affirmatively releases Defendants from any FLSA claims during the time period(s) when he/she was employed in position(s) covered by the Rule 23 Class and/or FLSA Collective definitions, including those for unpaid minimum wages, overtime wages, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date of preliminary approval of the settlement.

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------X

DIANA COREA, SINDY PINEDA, ISAAC
RUNCIMAN, AMPARO CHAUCA, LAOS
CARDOSO, AND JUANA CRUZ,
Individually, and on behalf of all others
similarly situated as Class Representatives,

         Plaintiff,

         v.

CAFÉ SPICE {GCT}, INC. A/K/A CAFÉ
SPICE INC. A/K/A CAFÉ SPICE GLOBAL
CUISINE A/K/A ZAIKA FLAVORS OF
INDIA; SUSHIL MALHOTRA; SAMEER
MALHOTRA; PAYAL MALHOTRA; AND
VIRGILIO FELIX,

         Defendants.

Case No.: 7:18-cv-10354 (KMK)
(JCM)

--------------------------------------------------X

### SETTLEMENT CLAIM FORM

**No retaliation:**
**The law prohibits retaliation against employees for exercising their rights under the law and therefore, you may not be terminated or subjected to discrimination in any way because you participate in this lawsuit. Café Spice has confirmed that current and former employees who make a claim in this case have no reason to fear any retaliatory measures.**

**How to complete this Claim Form:**
1. Please read this Claim Form in its entirety.
2. Please type or print your responses in ink.
3. Please fill out all information.
4. Please keep a personal copy of the Claim Form for your files.
5. Send your completed Claim Form to:
   **[INSERT CLAIMS ADMINISTRATOR ADDRESS]**
6. You can also fill out and submit the Claim Form online at **[INSERT URL ADDRESS]**.
7. **The date by which Claim Forms must be postmarked or submitted online is [INSERT 3 YEARS FROM DATE OF FAIRNESS HEARING].**

By signing and submitting this Claim Form, I hereby consent to settle my claims and receive a settlement payment in the case of *Diana Corea, et al v. Café Spice {GCT}, Inc. et al* No. 7:18-cv-10354 (S.D.N.Y.).

By signing and submitting this Claim Form, I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment by Café Spice {GCT}, Inc. and any other associated parties. I authorize Worker Justice Center of New York and any associated attorneys as well as any successors or assigns, to represent me in such action.

By signing and submitting this Claim Form, I hereby affirm that the settlement forever and fully releases and discharges Defendants, their present and former parent companies, subsidiaries, related or affiliated companies and their respective shareholders, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "Releasees"), from any and all claims for any wage and hour violations occurring during the period of time in which he or she was employed by Defendants in position(s) covered by the Rule 23 Class and/or FLSA Collective definitions under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, spread of hours, minimum wage, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in the Litigation, whether known or unknown, under federal, state, and/or local wage and hour laws through the date of preliminary approval of the settlement. This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees and costs.  In addition, each Qualified Class Member who cashes a settlement check specifically and affirmatively releases Defendants from any FLSA claims, including those for unpaid minimum wages, overtime wages, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, occurring during the time period(s) when he/she was employed in position(s) covered by the Rule 23 Class and/or FLSA Collective definitions through through the date of preliminary approval of the settlement. I understand I am releasing these claims whether or not I cash my settlement payment.

Signature (or electronic signature): _____  Date:_____

NAME:  _____

MAILING ADDRESS:  _____

CITY:  _____

STATE:  _____  ZIP:  _____

PHONE NUMBER: _____

CELL PHONE NUMBER: _____

EMAIL ADDRESS: _____

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------X

DIANA COREA, SINDY PINEDA, ISAAC
RUNCIMAN, AMPARO CHAUCA, LAOS
CARDOSO, AND JUANA CRUZ,
Individually, and on behalf of all others
similarly situated as Class Representatives,

               Plaintiff,

               v.

CAFÉ SPICE {GCT}, INC. A/K/A CAFÉ
SPICE INC. A/K/A CAFÉ SPICE GLOBAL
CUISINE A/K/A ZAIKA FLAVORS OF
INDIA; SUSHIL MALHOTRA; SAMEER
MALHOTRA; PAYAL MALHOTRA; AND
VIRGILIO FELIX,

               Defendants.

Case No.: 7:18-cv-10354 (KMK)
(JCM)

_____

**[PROPOSED] ORDER PROVISIONALLY CERTIFYING SETTLEMENT CLASS,**
**GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS SETTLEMENT, APPROVAL OF THE PROPOSED NOTICE OF**
**SETTLEMENT AND OTHER RELIEF**

WHEREAS, the above-captioned class and collective action (the "Action") is pending

before this Court;

WHEREAS, the Court has reviewed the Settlement Agreement and Release dated

November 24, 2019 (the "Agreement"), which has been entered into by and among Plaintiffs

Diana Corea, Sindy Pineda, Isaac Runciman, Amparo Chauca, Laos Cardoso, Juana Cruz and

Francisco Mendez and Café Spice {GCT}, Inc. a/k/a Café Spice Inc. a/k/a Café Spice Global

Cuisine a/k/a Zaika Flavors of India ("Café Spice" or the "Company"); Sushil Malhotra; Sameer

Malhotra; Payal Malhotra; and Virgilio Felix ( "Defendants");

1

WHEREAS, the Agreement sets forth the terms and conditions for a settlement and dismissal of the Action, including all defined terms used herein; and,

WHEREAS, Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca and Juana Cruz ("Class Representatives") have made an application pursuant to Federal Rule of Civil Procedure 23(e) for an order provisionally certifying for settlement purposes a class under Federal Rule of Civil Procedure 23.

NOW THEREFORE IT IS HEREBY ORDERED that:

**A.      Definition of the Settlement Class**

1.      The Parties have entered into the Agreement solely for the purposes of compromising and settling their disputes in this matter.  As part of the Agreement, Defendant has agreed not to oppose, for settlement purposes only, provisional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) of the following settlement class ("NYLL Class"):

> All current and former hourly paid manual laborers, including truck drivers, and all truck drivers who were paid on a salary basis, who worked in Defendants' New Windsor plant at any time during the relevant statutory period from November 7, 2012 through September 23, 2019 and who were agreed upon by the parties and whose names are listed in Exhibit B attached to the Agreement. There are 687 such individuals.

2.      Except as otherwise specified herein, for purposes of this Order, the Court adopts the definitions of all capitalized terms used herein as set forth in the Agreement.

3.      If final approval is granted, all Class Members, with the exception of Opt-Outs, shall be covered by the terms of the Agreement.  The opt-in acknowledgments contained on the backs of the Settlement Checks shall be deemed filed with the Court at the time each Qualified Class Member signs, endorses, deposits, cashes, or negotiates his or her Settlement Checks. Each Affected Class Member, regardless of whether such Qualified Class Member cashes,

deposits, endorses, signs, or negotiates his or her Settlement Check(s), shall be bound by the release contained in the Agreement.

**B.     Rule 23 Certification of the NYLL Class**

4.      Preliminary settlement approval, provisional class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Agreement, and setting the date and time of the final approval hearing.  Fed. R. Cv. P. 23(e)(1); *Almonte v. Marina Ice Cream Corp.*, 2016 WL 7217258, at *2 (S.D.N.Y. Dec. 8, 2016) (conditionally certifying wage and hour settlement class and granting preliminary approval); *Clem v. Keybank, N.A.*, 2014 WL 1265909, at *2 (S.D.N.Y. Mar. 27, 2014) (same).

5.      In examining potential provisional certification of the settlement class, the Court has considered: (1) the allegations, information, arguments and authorities cited in the Motion for Preliminary Approval and supporting memorandum and declarations; (2) the allegations information, arguments and authorities provided by the Parties in connection with the pleadings and motions filed by each of them in this case; (3) information, arguments, and authorities provided by the Parties in conferences and arguments before this Court; (4) Defendant's conditional agreement, for settlement purposes only, not to oppose conditional certification of the settlement class specified in the Agreement; (5) the terms of the Agreement, including, but not limited to, the definition of the settlement class specified in the Agreement; and (6) the elimination of the need, on account of the Settlement, for the Court to consider any trial manageability issues that might otherwise bear on the propriety of class certification.

6.      This Court finds (exclusively for the present purposes of evaluating the settlement) that Plaintiffs meet all the requirements for class certification under Federal Rule of

Civil Procedure 23(a) and (b)(3). As required under Rule 23(a), Plaintiffs have demonstrated that their class is sufficiently numerous, that there are common issues across the class, that the Plaintiffs' claims are typical of the class, and that the Plaintiffs and their attorneys would be effective Class Representatives and Class Counsel, respectively. The Court also finds that the common issues identified by Plaintiffs predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, the Court need not address the issue of manageability. The Court therefore concludes that the purported Class satisfies the elements of Rule 23(b)(3). Accordingly, pursuant to Rule 23(c) and (e), the Court certifies this Class for the purposes of settlement, notice and award distribution only.

## C.      Appointment of Class Representative and Class Counsel

7.      Plaintiffs Diana Corea, Sindy Pineda, Amparo Chauca and Juana Cruz are appointed as class representatives of the Class.

8.      Robert McCreanor, Esq., Laura Revercomb, Esq. and John Marsella, Esq., of Worker Justice Center of New York are appointed as class counsel for the Class ("Class Counsel").

## D.      Disposition Of Settlement Class If Agreement Does Not Become Effective

If, for any reason, the Agreement ultimately does not become effective, Defendant's agreement not to oppose conditional certification of the settlement class shall be null and void in its entirety; this Order conditionally certifying the settlement class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement, the Motion, this

Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.  In particular, the class certified for purposes of settlement shall be decertified, and Defendant will retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by Plaintiffs.

**E.      Preliminary Approval Of Settlement**

9.      Based upon the Court's review of the Parties' Memorandum of Law in Support of Parties' Motion for Preliminary Approval of Class Settlement, the Declaration of Robert McCreanor, and all other papers submitted in connection with the Parties' Preliminary Approval Motion, the Court grants preliminary approval of the Settlement memorialized in the Agreement.

10.      The Court preliminarily finds that the Settlement is fair and reasonable pursuant to Federal Rule of Civil Procedure 23(e)(2), including the proposed attorneys' fees and costs and the proposed Service Payments.

11.      The Court finds, based on the papers submitted, that the Settlement was negotiated at arm's length and was not collusive.  The Court further finds that Class Counsel and Defendants' Counsel were fully informed about the strengths and weaknesses of the Classes' case when they entered into the Agreement.

12.      The Court also finds that the relief provided to the Class and the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted and is within the range of possible approval such that Class Notice is appropriate.  In addition, the proposed settlement appears to treat Class Members equitably to each other.

13.     Accordingly, the Court grants preliminary approval to the Agreement and the plan of allocation as fair, reasonable, and adequate.

14.     The Court authorizes Class Counsel and Defendants' Counsel to select a Claims Administrator.

15.     The Court further finds that the provisions of the Agreement that resolve the individual FLSA claims of Plaintiffs Isaac Runciman and Laos Cardoso satisfy the requirements set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir 2015).

**F.     Final Fairness Hearing**

16.     The Final Fairness Hearing shall be held on_____, 2020 at    :_____ [a.m./p.m.] (as per Section 2.3 of the Agreement, should be no earlier than 120 days after the filing of the Preliminary Approval Motion) to determine whether to grant final approval to the Agreement.  At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel and any Service Awards to be made to any Plaintiffs.  Not later than ten (10) days before the Fairness Hearing, Class Counsel shall submit a Motion for Judgment and Final Approval and a motion for an award of attorneys' fees and reimbursement of costs/expenses and for Service Awards.

**G.     Approval of Form and Manner of Class Notice**

17.     The Court finds that the form and methods set forth in the Plaintiffs' Preliminary Approval Motion of notifying Class Members of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The form and methods set forth in the Preliminary Approval Motion constitute the best notice practicable under the circumstances, and the detailed information in the Class Notice is adequate to put Class

Members on notice of the Settlement.  Accordingly, the Court approves, as to form and content, the Class Notice (Exhibit C to the Agreement) and the Claim Form (Exhibit D to the Agreement).

18.     The Court orders that Class Members who wish to be excluded from the Settlement must mail an Opt-Out Request letter to the Claims Administrator saying that the Class Member wants to be excluded from the settlement.  To be effective, any Opt-Out Request letters must be mailed to the Claims Administrator via First Class United States Mail by a date certain to be specified on the Notice, which will be 60 calendar days after the Claims Administrator makes the initial mailing of the notice.

19.     The Court further Orders that Class Members who wish to present objections to the Settlement at the Fairness Hearing must first do so in writing.  To be effective, a written objection must be sent to the Claims Administrator via First Class United States Mail, postage prepaid, and be postmarked no later than 60 calendar days after the Claims Administrator mails the Settlement Forms.  In addition, no objection will be effective if not received by the Settlement Administrator prior to twenty (20) days before the Fairness Hearing. The Parties may file with the Court written responses to any objections no later than 7 calendar days before the Fairness Hearing or may elect to respond to such objections in the motion and brief in support of final approval, or orally at the Fairness Hearing.

It is so ORDERED this_____day of_____, 2019.


                                        _____
                                        The Honorable Kenneth M. Karas
                                        United States District Judge

# EXHIBIT F

<u>**MUTUAL GENERAL RELEASE ("Mutual Release")**</u>

WHEREAS, this Mutual Release is entered into between Diana Corea, Sindy Pineda, Amparo Chauca, and Juana Cruz (collectively the "Class Representatives") on the one hand and Café Spice {GCT}, Inc. a/k/a Café Spice Inc. a/k/a Café Spice Global Cuisine a/k/a Zaika Flavors of India, Sushil Malhotra, Sameer Malhotra, Payal Malhotra, and Virgilio Felix on the other;

WHEREAS, the Court has approved the entirety of the Service Awards requested by Class Representatives in their Motion for Provisional Class Certification and Preliminary Approval of the Class-wide Settlement filed on November 25, 2019;

WHEREAS, the Class Representatives agree to release Defendants from any and all claims, known and unknown, asserted and unasserted, that he may have against them as of the date of their execution of this Agreement;

WHEREAS, Defendants agree to release the Named Plaintiff from any and all claims, known and unknown, asserted and unasserted, that they may have against him as of the date of their execution of this Agreement;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

The Class Representatives on the one hand and Sushil Malhotra, Sameer Malhotra, Payal Malhotra, and Virgilio Felix, as well as Café Spice in its corporate capacity on the other ,respectively release one another from, or in respect of, any and all claims, charges, complaints, liabilities, obligations, promises, agreements, damages, actions and expenses (including attorney's fees and costs) of any nature whatsoever, known or unknown, which any party now has or claims to have against the other and/or any of the respective parties' jointly, severally or singly, both personally and in their official capacity, from the beginning of time to the date of this Agreement, including, without limitation, claims relating to the Class Representatives' employment with Defendants; claims based in contract, tort, constitutional, statutory or common law, and claims under any federal, state, or local statute, order, law or regulation, governing terms or conditions of employment, including but not limited to wages, benefits or discrimination in employment on the basis of any protected characteristic under the New York State Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Civil Rights Act of 1991, the Americans With Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Genetic Information Nondiscrimination Act of 2008 ("GINA"), Uniformed Services Employment and Reemployment Rights Act ("USERRA"), the Employee Retirement Income Security Act ("ERISA") (excluding any claims for accrued, vested benefits), COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity.  However, by signing this Agreement, the Class Representatives are not waiving any rights

they may have to benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes.


     The Parties knowingly and voluntarily sign this Mutual General Release as of the date(s) set forth below:

PLAINTIFFS:

DATED:  November __, 2019        Diana Corea

_____


DATED:  November __, 2019        Sindy Pineda

_____


DATED:  November __, 2019        Amparo Chauca

_____


DATED:  November __, 2019        Juana Cruz

_____

DATED:  November __, 2019          FOR DEFENDANTS:

By: _____
     Sameer Malhotra

Title: Owner

_____
November __, 2019          Sushil Mallotra

_____
November __, 2019          Sameer Malhotra

_____
November __, 2019          Payal Malhotra

_____
November __, 2019          Virgilio Felix