IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANA COREA, SINDY PINEDA, ISAAC RUNCIMAN, AMPARO CHAUCA, LAOS CARDOSO, AND JUANA CRUZ, Individually and on behalf of all others similarly situated as Class Representatives,<br><br>Plaintiffs,<br><br>v.<br><br>CAFÉ SPICE {GCT}, INC. A/K/A CAFÉ SPICE INC. A/K/A CAFÉ SPICE GLOBAL CUISINE A/K/A ZAIKA FLAVORS OF INDIA; SUSHIL MALHOTRA; SAMEER MALHOTRA; PAYAL MALHOTRA; AND VIRGILIO FELIX,<br><br>Defendants. | **DECLARATION**<br><br>**Civil Action No. 7:18-cv-10354-KMK**<br><br>**COLLECTIVE AND CLASS ACTION** |

**DECLARATION OF JOHN MARSELLA IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF SERVICE AWARDS TO THE NAMED PLAINTIFFS
AND DESIGNATED OPT-INS AND CLASS COUNSEL'S FEES AND COSTS**

1

I, John A. Marsella, Esq., an attorney duly admitted to the practice of law in the State of New York and the United States District Court, Southern District of New York, affirm that the following is true and correct under the penalty of perjury:

1. I am an attorney licensed to practice law in the State of New York and am admitted to appear in the United States District Court for the Southern District of New York.

2. I am employed at the Worker Justice Center of New York, Inc. ("WJCNY"), Class Counsel and attorneys for Plaintiffs in this matter and as such am fully familiar with the facts and circumstances of this action.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

4. I submit this declaration in support of Plaintiffs' Motion for Final Approval of Service Awards to the Named Plaintiffs and Designated Opt-Ins and Class Counsel's Fees and Costs.

**Exhibits**

5. Attached as Exhibit 1 are contemporaneous time records that were kept by attorneys and paralegals from the inception of this litigation to the time of filing of final approval.

**Service Awards**

6. The service awards proposed in Plaintiffs' motion decrease Class Members' payouts by an average of only 4%, 481 of the class members will lose less than $100.00, and 161 of the class members will lose less than $10.00 as a result of the service awards.

**Class Counsel's Fees and Costs**

7. Class Counsel's contemporaneous time records are kept by attorneys and

paralegals from the inception of this matter are attached hereto as Exhibit 1.

8. In this case, the Worker Justice Center of New York has incurred litigation expenses in the amount of $6,357.71 in litigation costs to date. Class Counsel has advanced these funds throughout this litigation without reimbursement.

9. The full set of invoices and documentation for various costs is set forth in the Certification of Costs submitted by Diana Saguilan. ("*Saguilan Decl.*"). The costs are summarized as an Exhibit attached to her declaration.

10. These costs were incidental and necessary to the representation of the Class and include meal costs, printing costs, filing fees, service fees, mailings, translation services, and transportation.

11. The firm regularly advances costs incurred in FLSA litigation along with all overhead (including staff salaries, travel, deposition and expert expenses, and office environment) necessary to carry the litigation through to conclusion.

12. Throughout the duration of this class and collective action, Class Counsel's efforts have been without compensation and their entitlement to be paid has been wholly contingent upon achieving a good result.

13. During this time, Class Counsel have expended a total of approximately 800 attorney hours and 550 paralegal/support staff hours in the course of collective action certification. This time includes extensive work speaking to hundreds of multi-lingual Plaintiffs, preparing Plaintiffs' declarations, answering Defendant's discovery demands, seeking and analyzing discovery including through third party subpoenas, filing multiple motions to compel production of documents, moving for collective action certification , settlement negotiations including extensive and complex damage calculations, co-drafting the Settlement Agreement,  drafting the

Notice and related forms, drafting the preliminary approval motion, ensuring the Notice was timely disseminated by the Claims Administrator, assisting the Claims Administrator with locating Class Members, answering questions from Class Members about the settlement after notice was issued, and drafting this motion for final approval.

14. This has been a complex case, as any class action often is. Further adding to the complexity and magnitude, this case entailed seeking extremely large data files in multiple forms, which had to be culled, sorted, reorganized, cleaned, and analyzed for Class Counsel to determine the scope of damages.

15. Throughout the litigation, Class Counsel have minimized duplication of efforts as much as possible, maximized billing judgment, and made every effort to have work performed by the attorney or support staff with the lowest hourly rate who was able to perform it effectively.

16. Class Counsel anticipate they will expend a minimum of 60 - 80 paralegal/support staff and attorney hours on the remainder of this litigation administering and enforcing the Settlement.

17. Class Counsel will also spend significant time preparing for and attending the final fairness hearing, preparing the final allocations, answering questions from the Settlement Administrator, ensuring the settlement payments are issued by the Settlement Administrator properly and timely, continuing to respond to Class Members' and Opt-in Plaintiffs' inquiries about the settlement and tax consequences, and possibly negotiating disagreements with Bloomberg about the administration of the Settlement and the distribution of the fund.

18. Counsel undertook great financial risk in agreeing to handle this case, as class and collective wage and hour cases of this type are complicated, time-consuming, and highly uncertain when the decision is made to take the case.

19. Any lawyer undertaking representation of large numbers of affected employees in such actions inevitably must be prepared to make a tremendous investment of time, energy, and resources – even on losing cases.

20. Due to the contingent nature of the customary fee arrangement, lawyers make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind, nor reimbursement of costs expended in the course of litigation.

21. Loss of a case such as this one would be highly significant because WJCNY is a relatively small legal services organization, consisting of only five labor and employment attorneys, located in Rochester, Hawthorne, and Kingston, New York. This case involved a significant commitment of Counsel's available work time.

22. When cases are not successful, either because a court or jury rules against the plaintiffs, or the defendant refuses to pay or becomes insolvent, these costs become the personal responsibility of the firm and its partners.

23. Despite these risks, Class Counsel take on difficult cases like this one because it believes that they are important issues to workers in low wage industries.

24. Class Counsel take seriously the responsibility to push for rulings favorable for employees.

25. Class Counsel continue to do so despite gaps in legislation that allow wage and hour judgments to go uncollected. A recent report by the Community Development Project of the Urban Justice Center identified $125 million in unpaid wage judgments between 2003 and 2013 in New York, any entity litigating wage and hour lawsuits must take on the risk that a judgment will be uncollectable. It is available online at http://nclej.org/wp-content/uploads/2015/11/Empty-Judgments-The-Wage-Collection-Crisis-in-New-York.pdf.

26. Class Counsel is a non-profit legal services organization that provides vital services to the community, the provision of legal services, public education, advocacy, and support for survivors of human trafficking and domestic violence.

27. Class Counsel regularly represents workers in low wage industries at no cost to the individual parties.

**Class Counsels' Experience**

28. Contemporaneous time records showing the number of hours spent litigating this case are attached hereto as Exhibit 1. A summary of the exhibit is available here:

| Name | Hourly Rate | Hours | Source | Total Attorneys' Fees |
|---|---|---|---|---|
| Robert McCreanor | $350.00 | 407.58 | Ex. 1, pg. 4 | $142,654.17 |
| John Marsella | $225.00 | 149.93 | Ex. 1, pg. 1 | $33,735.00 |
| Maureen Hussain | $225.00 | 20.4 | Ex. 1, pg. 9 | $4,590.00 |
| Laura Revercomb | $300.00 | 259.28 | Ex. 1, pg. 15 | $77,784.00 |
| Nathalia Rosado Oliveras | $125.00 | 311.2 | Ex. 1, pg. 21 | $38,900.00 |
| Gabriel Marcano | $125.00 | 204.29 | Ex. 1, pg. 22 | $24,201.04 |
| | **Total Hours:** | **1352.68** | **Total Fees:** | **$321,864.21** |

30. I am a 2013 graduate of the American University, Washington College of Law. Since then, I have been employed with WJCNY and represented hundreds of individuals in civil rights and employment law matters.

31. I have handled single plaintiff, class, and collective action claims involving discrimination, wage theft, and human rights violations before administrative agencies and in state and federal court. *See Mathai v. George*, NDNY 1:13-cv-997; *Bocanegra, et. al. v. 93 Alexander St. et. al.*, WDNY 6:14-cv-06180 (overcoming motion to dismiss to resolve FLSA and NYLL claims); *Ramirez Valdivia v. Dodge Street LLC*, WDNY 6:14-cv-6476 (FLSA, NYLL, and

discrimination claims); *Trejo-Valdez v. Merrell et. al.*, WDNY 6:15-cv-6689 (FMLA discrimination and retaliation), *Andres Perez et. al. v. Schum-Acres Dairy Ops. LLC. et. al.*, WDNY 6:17-cv-6580 (FLSA and NYLL claims); *Nescolarde et. al. v. Pinkowski et. al.*, WDNY 6:12-cv-6707 (overcoming numerous motions for summary judgment to secure settlement agreement in multi-plaintiff discrimination lawsuit); *Diaz Reyes et. al. v. W.D. Henry & Sons, Inc. et. al.*, WDNY 1:18-cv-1017 (overcoming motion for summary judgment to resolve multi-plaintiff FLSA, NYLL, and AWPA action); and *U.S. Equal Employment Opportunity Commission v. KTF Enterprises, Inc. et al.*, SDNY 7:19-cv-06611 (securing consent decree and $175,000.00 in lost wages and compensatory damages on behalf of low wage factory workers).

32. I have recently been awarded attorney's fees at a rate of $225.00 per hour in this District in a FLSA/NYLL case. *Bisono v. TDL Restoration, Inc.*, 2019 U.S. Dist. LEXIS 167714, at *5 (S.D.N.Y. Sep. 27, 2019).

33. I worked alongside Worker Justice Center of New York attorneys Robert McCreanor, Maureen Hussain, and Laura Revercomb, and paralegals Nathalia Rosado Oliveras and Gabriel Marcano in this action and they have expended significant hours working on this case as well.

34. Maureen Hussain is a 2011 graduate of the Harvard Law School.

35. She was previously employed as a staff attorney at Catholic Migration Services in Brooklyn and Queens, NY where she represented low-income individuals and groups in employment, housing and immigration matters. She represented plaintiffs in the above referenced 216 (b) collective action *Chamorro et al. v. Ghermezian et al.* and also in *Gonsalez et al. v. Marin et al.* (EDNY 12-cv-1157), a FLSA, NYLL and pregnancy discrimination case brought in the Eastern District of New York on behalf of factory workers who were subjected to forced labor and

other egregious legal violations. Ms. Hussain also assisted in the representation of a group of more than 30 low-income, immigrant tenants in *Centeno et al. v. Zara Realty Holdings Corp.* (28271/11), a case brought in New York State Supreme Court.

36. Attorney Maureen Hussain subsequently served as a law clerk to U.S. Magistrate Judge Debra Freeman in the Southern District of New York.

37. Attorney Maureen Hussain recently worked as a staff attorney at Hudson Valley Justice Center (HVJC), where she represented multiple groups of low-wage workers in state and federal employment litigation matters including *Alberto et al. v. Plaza Sweets et al.*; *Barragan Contreras et al. v. Rosann Landscape Corp. et al.*; *Ramirez et al. v. Abayev et al.*; and *Anton et al. v. Go Green Finish et al.* (SDNY 7:18-cv-01506-NSR) (FLSA and NYLL claims brought on behalf of construction workers).

38. Since June 1, 2018, she has been employed as a WJCNY staff attorney. In this capacity, she has continued to handle employment law matters in state and federal court including those matters which were transferred with her from HVJC to WJCNY. Notably, she successfully litigated the *Bisono et al. v. TDL Restoration, Inc. et. al.* trial, where she was awarded attorneys' fees at a rate of $225.00 per hour. *Bisono et al. v. TDL Restoration, Inc. et al.* (SDNY 7:17-cv-9431-JCM) (FLSA and NYLL claims tried to jury verdict in which plaintiffs were awarded maximum damages).

39. Attorney Laura Revercomb is a 2003 graduate of the Sturm College of Law of University of Denver.

40. She has served as an Attorney and Litigation Associate at various private firms from 2003 to 2015, where she litigated a wide variety of matters including employment law and labor relations cases.

41. Since 2016, she has been employed as a WJCNY staff attorney. In this capacity, she has handled numerous employment law matters in state and federal court and before administrative agencies. Notably, she secured a judgment in the amount of $210,218.30 plus prejudgment interest in the *Toledo v. Alvarez et. al.*, wage and hour and bankruptcy matter, where she was awarded attorneys' fees at a rate of $300.00 per hour. *Toledo v. Alvarez et. al.,* (SDNY 16-37156 (CGM)).

42. Ms. Rosado-Oliveras is a 2017 graduate of Wells College and is currently working towards a Master of Arts in Criminal Justice from John Jay College. Since April 2018, she has been employed as a paralegal at WJCNY where she is also a member of the litigation team, managing discovery materials and assisting in evidence gathering, data management and damages calculations. Ms. Rosado-Oliveras is bilingual in English and Spanish. Ms. Rosado-Oliveras has significant experience in the provision of trauma informed care and litigation support.

43. Mr. Marcano serves as a Paralegal at WJCNY. For approximately the past year he has served as a member of WJCNY's litigation team primarily assisting in the representation of individuals and groups in class action civil rights, labor, and employment law matters. Mr. Marcano is bilingual in English and Spanish. He has significant experience working on data management and damage calculations for complex legal matters.

44. WJCNY also employs Amanda Batista and Diana Saguilan, who contributed numerous hours to the litigation of this lawsuit but were not included in the attorneys' fees request. Ms. Saguilan serves as Director of Operations & Finance and Ms. Batista serves as Development Associate. Ms. Saguilan graduated from Bard College in 2006 and Ms. Batista graduated from SUNY-Albany in 2012.

**Complexity of Litigation**

45.     This action involves large sets of data in multiple forms, which had to be compiled, aggregated, sorted, and analyzed for Class Counsel to determine the scope of the damages and to allocate the settlement fund. Damage computations involve complex excel functions, pivot tables, advanced principles of applied data science and acute oversight by litigating attorneys.

46.     The damage calculations alone in this action represent the aggregate of 100,000's of data points.

47.     Discovery included thousands of documents pulled from Defendants and third-party subpoenas to help piece together Defendants' employment practices.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

June 5, 2020
Rochester, New York.

Respectfully submitted,

*/s/ John A. Marsella*
John A. Marsella
Counsel for Plaintiffs
Worker Justice Center of New York
1187 Culver Road
Rochester, NY 14609
Tel – 585-325-3050 ext. 2002
Fax – 595-325-7614
jmarsella@wjcny.org