IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANA COREA, SINDY PINEDA, ISAAC RUNCIMAN, AMPARO CHAUCA, LAOS CARDOSO, AND JUANA CRUZ, Individually and on behalf of all others similarly situated as Class Representatives,<br><br>Plaintiffs,<br><br>v.<br><br>CAFÉ SPICE {GCT}, INC. A/K/A CAFÉ SPICE INC. A/K/A CAFÉ SPICE GLOBAL CUISINE A/K/A ZAIKA FLAVORS OF INDIA; SUSHIL MALHOTRA; SAMEER MALHOTRA; PAYAL MALHOTRA; AND VIRGILIO FELIX,<br><br>Defendants. | **Civil Action No. 7:18-cv-10354-KMK**<br><br>**COLLECTIVE AND CLASS ACTION** |

**[PROPOSED] ORDER GRANTING THE PARTIES' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS COUNSEL'S FEES AND COSTS AND SERVICE AWARDS**

WHEREAS, the above-captioned matters came before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Settlement ("Motion for Final Approval and Judgment") (Dkt. No. 154) and Plaintiffs' Motion for Approval of Class Counsel's Fees and Costs and Service Awards ("Fees Motion") (Dkt. No. 157).

WHEREAS, a Class Action and Collective Action Complaint was filed in the above-captioned action (the "Litigation") on November 7, 2018,

WHEREAS, the complaint asserted claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), for an array of wage and hour violations;

1

WHEREAS, on June 6, 2019, the Court certified the Litigation as a collective action under the FLSA;

WHEREAS, on November 25, 2019, the parties entered into the final Settlement Agreement and Release (the "Agreement"), which resolves all claims asserted in the Litigation;

WHEREAS, on November 25, 2019, Plaintiffs moved for preliminary approval of the Agreement;

WHEREAS, on February 25, 2020, the Court held a hearing regarding the Parties' preliminary approval motion and, in a bench ruling, the Court granted Plaintiffs' requests for provisional class certification, appointment of class representatives and Class Counsel, approved the proposed Notice of Class Action Settlement ("Notice") and authorized the parties to select a Claims Administrator. The Court also instructed Plaintiffs to provide the Court with additional information and instructed the parties to amend the language of the releases contained in the Settlement Agreement;

WHEREAS, on March 3, 2020, Plaintiffs provided the Court the additional requested information and revised release language on which all parties agreed (Dkt. 152);

WHEREAS, On March 5, 2020, in a written Order, the Court granted Plaintiffs' request for preliminary approval of the settlement and authorized the Claims Administrator to begin mailing of the Class Notice (Dkt. 153);

WHEREAS, the Parties received no objections from any Class Members following the distribution of the Class Notice;

WHEREAS, on June 17, 2020, the Court held a Fairness Hearing to consider the Settlement and hear arguments from Class Counsel and Defendant's Counsel;

NOW, THEREFORE, IT HEREBY IS ORDERED, upon consideration of the Motion for Final Approval and Judgment, the supporting brief and declarations, arguments presented at the Fairness Hearing on June 17, 2020, and the complete record in this matter, for good cause shown, that:

1. Except as otherwise specified herein, for purposes of this Order, the Court adopts the definitions of all capitalized terms used herein as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties.

3. If, for any reason, the Effective Date does not occur, the Litigation shall proceed as though the Agreement had not been executed; the Plaintiffs and Defendant shall return to their respective positions in this Litigation as those positions existed immediately before the Plaintiffs and Defendant executed the Agreement In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule and the Parties will immediately seek to appear before the assigned Magistrate Judge for expeditious determination of Plaintiffs' previously filed motion to compel production of documents (ECF Dkt. 102).

4. The Class Notice issued pursuant to this Court's February 25, 2020 Order constituted the best notice practicable under the circumstances, were accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the United States Constitution and any other applicable law.

5. The Court grants final approval of the Agreement.  The Court finds that the Settlement, including the settlement of FLSA claims, is fair, reasonable, and adequate in all respects, and that it is binding on Affected Class Members.  The Court specifically finds that the Settlement is rationally related to the strength of the claims in this case given the risk, expense,

3

complexity, and duration of further litigation. The Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Parties, after thorough factual and legal investigation.

6. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Qualified Class Members are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

7. The Court approves of the release of the Released Claims, as defined in the Agreement and the release of attorneys' fees and costs as defined in the Agreement, both of which shall be binding on all Affected Class Members. The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA, Fed. R. Civ. P. 23, and all other applicable law.

8. The Parties and Claims Administrator shall proceed with the administration of the Settlement in accordance with the terms of the Agreement.

9. By operation of the entry of this Order and the Judgment, all Released Claims are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the release set forth in the Agreement, as to all Named Plaintiffs and Affected Class Members. Named Plaintiffs and Affected Class members are precluded from pursuing and/or seeking to reopen claims that have been released by this Agreement.

10. This entire case is dismissed in its entirety with prejudice as to all Named Plaintiffs and Affected Class Members.

11. Without affecting the finality of this Order, the Court will retain jurisdiction over the case after Final Approval solely for purposes of (i) enforcing the Agreement, (ii) addressing Settlement administration disputes, and (iii) addressing such post-judgment matters as may be appropriate under Court rules or applicable law. The parties shall abide by all terms of the Agreement and this Order.

FURTHERMORE, IT IS HEREBY ORDERED, upon consideration of Plaintiffs' application for service payments, costs, and fees, that:

12. The Court approves the requested Service Awards to the Class Representatives of $10,000 each, as well as the Service Awards to the Designated Opt-in Plaintiffs of $2,000 each. Such Service Awards are in addition to the amounts these individuals will otherwise be eligible to receive as their share of the recovery and shall be paid from the Settlement Amount. Such Service Awards are to compensate the Class Representatives and Designated Opt-in Plaintiffs for the time and effort expended in assisting in the prosecution of the Litigation and the ultimate recovery, for the burdens and risks they bore on behalf of the class, and for their efforts in conferring a benefit on the passive class.

13. The Court approves an award of attorneys' fees in the amount of $125,000, to be paid from the Settlement Amount. Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts, including the ultimate recovery obtained.

14. The Court also awards Class Counsel reimbursement of Litigation expenses, to be paid from the Settlement Amount, in the amount of $6,357.71. The Claims Administrator is authorized pay its fees from the Settlement Fund on a regular basis as it performs the work set forth in the Settlement Agreement throughout the administration of this settlement.

It is so ORDERED this  17th  day of  June , 2020.

                                      Honorable Kenneth M. Karas
                                      United States District Judge

6